240 So.2d 356

**Ina H. Bowden SUMMERLIN**

**v.**

**C. Eugene BOWDEN.**

4 Div. 402.

Supreme Court of Alabama.

Oct. 22, 1970.

Joe C. Cassady, Enterprise, for appellant.

Pittman & Hollis, Enterprise, for appellee.

MADDOX, Justice.

Complainant, appellant here, and the respondent formerly were husband and wife. The two jointly owned a house and lot in Coffee County, the deed to the property, in pertinent parts, reading as follows:

"That in consideration of Ten Dollars and other valuable consideration to the undersigned grantor or grantors in hand paid by the Grantees herein, the receipt whereof is asknowledged (sic) we, D. C. Caraway and wife, Flossie Caraway, (herein referred to as grantors) do grant, bargain, sell and convey unto C. E. Bowden and Wife, Ina H. Bowden (herein referred to as Grantees) for and during their joint lives and upon the death of either of them, then to the survivor of them in fee simple, together with every contingent remainder and right of reversion, the following described real estate situated in Coffee County, Alabama to-wit:

\*   \*   \*   \*   \*   \*

TO HAVE AND TO HOLD, to the said GRANTEES for and during their joint lives and upon the death of either of them, then to the survivor of them in fee simple, and to the heirs and assigns of such survivor forever, together with every contingent remainder and right of reversion."

The parties were divorced in Coffee County in 1969 upon a complaint filed by the wife on the ground of physical cruelty. In the divorce proceeding the wife had asked the court to divest the husband of his interest in the real property, but the court refused.[1]

After the divorce, the complainant sought to have the court modify its decree regarding the house and lot, and specifically asked the court to give her full title to the property, which the court also refused.[2]

Complainant then filed his petition seeking a sale for division, it being stipulated by the parties that the land could not be equitably divided.

The trial court refused relief on the ground that there can be no sale for division where there exists a tenancy in common during the joint lives of the tenants with right of survivorship in the survivor unless all the tenants consent. Since the former husband refused to consent to the sale, the trial court dismissed the complaint, citing as authority our case of Bernhard v. Bernhard, 278 Ala. 240, 177 So.2d 565 (1965). In *Bernhard*, we were called upon for the first time to decide the question of whether property held under a joint tenancy deed with the right of survivorship could be sold for division at the

1. The actual order of the court reads as follows:

"8. That the ownership, title, or interest of each party in and to the real property jointly owned by the parties as described in the bill of complaint remains unchanged and the court denies to the complainant the relief of divesting respondent of his interest.

9. That the complainant shall occupy, use, and take possession of the home jointly owned by the parties as support for the minor children and herself until further orders of the court. The complainant shall make the monthly mortgage payment of $103.64 and any insurance on the property. The respondent shall pay the property taxes on said property.

10. That the respondent shall pay the remaining balance due on debts owed to a plumber of approximately $30.00; the balance on the carpet of approximately $800; and the remaining balance due on insulation charges of approximately $180."

2. In her petition, complainant stated that the former husband was claiming a right to come to the house at any and all times and go anywhere on the premises since he "still owned an undivided one-half interest in the property."

instance of one of the tenants over the objection of the other. We there determined that the court could not supply the consent of an objecting tenant. Since, we have distinguished *Bernhard* and have said that the court can order a partition of the property when a divorce proceeding is pending and the parties have invoked the jurisdiction of the court. See Owens v. Owens, 281 Ala. 239, 201 So.2d 396 (1967); Killingsworth v. Killingsworth, 284 Ala. 524, 226 So.2d 308 (1969).

The trial court's action in the divorce proceeding is not before us, and we express no opinion about the result we migh. have reached had an appeal been taken from the final decree in the divorce proceeding.

█ Joint tenancies with the right of survivorship in cases involving husbands and wives can present problems when the parties are divorced.[3] However, the tenure under deeds similar to the one here does not arise from the relationship of the tenants, or status, but from the deed creating the estate, and, therefore, divorce does not affect the rights of the parties. Hence, the rule we established in *Bernhard,* supra, that a sale for division could not be compelled if one of the tenants objects is controlling, even though the tenants in *Bernhard* were estranged and not divorced.

While *Bernhard,* supra, could be criticized as narrowly construing the provisions of Title 47, § 186, Code of Alabama (Recompiled, 1958),[4] which grants to circuit courts jurisdiction to sell for division

any property held by joint owners or tenants in common, we see no reason to change the rule there expressed. Of course, we recognized in *Bernhard,* supra, that the problem was "difficult." Needless to say, all the problems were not settled in this area by *Bernhard,*[5] and doubtless we would be unable to write an opinion in this matter which would lay at rest all the questions and solve all the problems surrounding tenancies such as are here involved.

█ We do feel that we can safely say that the present Alabama law is to the effect that in cases involving deeds similar to the one here, there can be no compulsory partition in the absence of consent of the tenants, except in those cases where the tenants have invoked the jurisdiction of the equity court in a divorce proceeding with regard to the property in question.

In view of the construction which we have placed upon our partition statute, it is up to the Legislature in its wisdom to decide whether to make provision for the partition of property held by tenants in common, with right of survivorship, when the tenants are divorced even when one tenant objects.

The judgment of the trial court is due to be affirmed.

Affirmed.

MERRILL, HARWOOD, BLOODWORTH and McCALL, JJ., concur.

---

3. See: Taxation of Estates in Which the Right of Survivorship Is An Incident, Gillon, 28 Ala.Law 38, 49.

4. "The circuit court shall have original jurisdiction to divide or partition, or sell for partition, any property, real or personal, held by joint owners or tenants in common; whether the defendant denies the title of complainant or sets up adverse possession or not; and the court in exercising its jurisdiction shall proceed according to its own practices in equity cases."

5. See: Joint Ownership of Property in Alabama, Rollison and Eshelman, 26 Ala. Law 400; Taxation of Estates in Which the Right of Survivorship Is an Incident, Gillon, 28 Ala.Law 38.