## No. C-547

**Aaron C. Mann, a/k/a Aaron Cantrell Mann, and all unknown persons who claim any interest in the subject matter of this action v. Betty Kathryn Bradley, Individually and as Administratrix of the Estate of Betty Rea Mann, a/k/a Betty R. Mann, Deceased, and Andrea Kristine Mann, Alan Jack Mann, and Glenn Thomas Mann, Minors, by Betty Kathryn Bradley, their Sister and next Best Friend.**

(535 P.2d 213)

Decided May 12, 1975.                    Rehearing denied June 2, 1975.

Costello and Kofoed, P.C., Clarence W. Button, Eugene F. Costello, David L. Kofoed, William R. Dowhan, for petitioner.

C. H. Anderson, Michael Stimson, Edgar H. Brandenburg, for respondents.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

A petition for writ of certiorari was granted to review the opinion of the Colorado Court of Appeals in *Bradley v. Mann,* 34 Colo. App. 135, 525 P.2d 492 (1974). The issue is unique in Colorado case law, and its resolution is significant in the law relating to joint tenancy ownership of real property. Specifically, the issue is whether certain provisions in the divorce property settlement agreement in this case effectuated a termination of a joint tenancy ownership and converted it into a tenancy in common. *Bradley v. Mann, supra,* is a well reasoned opinion and correctly holds that the joint tenancy ownership was terminated. We therefore affirm.

The real property involved is a family residence which was in 1954 acquired in joint tenancy by Betty Rea Mann and Aaron C. Mann during their marriage. They were divorced in 1971. In connection therewith, an agreement, which was adopted as an order of the court in the divorce action, was entered into by the parties. Among other things, it provided that the family residence should be sold and that the proceeds equally divided between

them upon the occurrence of any one of the three following events:

(1) The remarriage of Mrs. Mann;

(2) When the youngest child of the couple attains the age of 21; or

(3) The mutual agreement of the parties to sell.

Betty Rea Mann continued to reside in the family residence with her children until her death in October of 1972. A short time after her death, Mr. Mann, the petitioner herein, informed his children that the family residence now belonged to him by virtue of the right of survivorship in the joint tenancy ownership with their mother. Thereupon, the administratrix of the estate of Mrs. Mann and the children, the respondents herein, filed an action in the district court of Morgan County to quiet title to the property on the theory that the divorce property settlement agreement had the legal effect of converting the joint tenancy into a tenancy in common with the result that Mrs. Mann's interest passed to the children upon her death. After trial in the district court, judgment was entered quieting title in the children as tenants in common in fee simple of an undivided one-half interest in the family residence. Mr. Mann appealed to the court of appeals which, as indicated previously, affirmed that judgment.

Petitioner argues that the provisions of the agreement demonstrate a clear intent that the property remain in joint tenancy until the occurrence of one of the three contingencies. Since none of these contingencies occurred prior to Mrs. Mann's death, petitioner reasons that the property passed to him by right of survivorship. Under the facts here, this contention has no merit.

The modern tendency is to not require that the act of the co-tenant be destructive of one of the essential four unities of time, title, possession or interest before a joint tenancy is terminated. *Comment,* 8 *Hastings L.J.* 294 (1957); *Note,* 25 *Ala. L. Rev.* 851 (1973). The joint tenancy may be terminated by mutual agreement, as here, where the parties treated their interests as belonging to them in common. *McDonald v. Morley,* 15 Cal. 2d 409, 101 P.2d 690 (1940); 48 C.J.S. *Joint Tenancy* § 4. An agreement between the joint tenants to hold as tenants in common may be inferred from the manner in which the parties deal with the property. *Thomas v. Johnson,* 12 Ill. App. 3d 302, 297 N.E.2d 712 (1973). *Mamalis v. Bornovas,* 112 N.H. 423, 297

A.2d 660 (1972); *Wardlow v. Pozzi,* 170 Cal. App. 2d 208, 338 P.2d 564 (1959); *O'Connor v. Dickerson,* 188 So.2d 241 (Miss. 1966); *Robertson v. United States,* 281 F. Supp. 955 (N.D. Ala. (1968)).

The district court and the court of appeals properly applied these tenets to the facts of this case. The intent of the parties as shown in the property settlement agreement is central to the issue presented. This agreement provided for the ultimate sale of the property and the division of the proceeds, which evinces the intent to no longer hold the property in joint tenancy from the effective date of the agreement. The entire tenor of those provisions of the agreement pertaining to this property is inconsistent with any purpose of the parties to continue the right of survivorship, which is the *sine qua non* of joint tenancy.

Nor does the provision of the agreement which stipulates that the property "shall remain in the joint names of the parties" dictate a different result. This wording is consistent with any form of continued concurrent ownership of the property. *Konecny v. Von Gunten,* 151 Colo. 376, 379 P.2d 158 (1963). In our view, this language in fact strongly supports the proposition that the parties intended to change the ownership from joint tenancy, and that since they were, by the provisions of the agreement, going to sell and divide the proceeds, the property would remain in their joint names, which is precisely the way tenants in common hold property.

When faced with a similar issue in *Wardlow v. Pozzi, supra,* the reviewing court commented:

". . . it is hard to see how two persons in domestic difficulties, and desirous of settling their domestic problems as well as those relating to property, would have intentionally entered into an agreement such as the one before us which would have left the bulk of his or her estate to the other . . ."

This statement has salient applicability in this case.

The judgment of the court of appeals is affirmed.

MR. CHIEF JUSTICE PRINGLE dissents.