410 So.2d 885 (1982)
Myrtle Henley WATFORD
v.
Wilfred HALE, et al.
80-718.
Supreme Court of Alabama.
February 5, 1982.
Rehearing Denied March 5, 1982.
William M. Lyon, Jr. of McFadden, Riley & Parker, Mobile, for appellant.
Thomas H. Boggs, Jr. of Lloyd, Dinning & Boggs, Demopolis, for appellees.
PER CURIAM.
This is an appeal from a declaratory judgment, adjudging that the 1975 divorce decree which dissolved the marriage of James and Myrtle Hale also severed their joint tenancy with right of survivorship in certain real estate and created a tenancy in common between them in that property.
In April of 1970, while still husband and wife, James and Myrtle acquired 200 acres of land as joint tenants with right of survivorship and a remainder in a one-half interest in the mineral rights of the property, also as joint tenants with right of survivorship, which remainder vested in them during their marriage. Their divorce decree incorporated by reference the following property settlement agreement and ordered, in pertinent part, relative thereto:
"(c) The property owned jointly by the parties hereto and located in Marengo County, Alabama, containing 200 acres more or less, shall be sold upon the agreement of both parties. The proceeds of any sale of the above real estate shall be divided equally among said parties. Until such time as the above property is sold, plaintiff and defendant agree to each pay one-half of the mortgage payments to the State Bank of Sweetwater, Alabama, as the same become due. Each party also agrees to pay one-half of any other expense relating to said property, including but not limited to payments for taxes, insurance, and maintenance of said property."
The court fixed alimony and support for the wife, saying it did so
"[i]n accordance with the agreement between the parties dated September 22, 1975 ... and filed in this action, which settle[d] all questions of alimony, disposition of property, payment of debts, and other related matters."
*886 In 1979, four years after their divorce, James died intestate, at which time neither he nor Myrtle had taken any action with regard to the subject property. Myrtle instituted a declaratory judgment action, claiming that, as survivor of the joint tenancy, she held the jointly-owned property in fee simple. James's heirs-at-law and next of kin, two of whom are also the duly appointed administrators of James's estate, are the defendants; and they claim that the divorce decree, incorporating the property settlement agreement, destroyed the joint tenancy with right of survivorship and converted the ownership of the property to a tenancy in common.
The circuit court held that the intention of Myrtle and James was to "divide the property and create a tenancy in common," as indicated by their property settlement agreement made a part of the divorce decree and, therefore, that the joint tenancy with right of survivorship was terminated. That being so, consistent with the Hale heirs' (defendants') contention, the trial court held that defendants were the lawful holders of a one-half undivided interest in the property and an undivided one-fourth interest in the mineral rights thereto.
We affirm.
We agree with the trial court's finding that it was the intention of the parties to destroy the joint tenancy created by the 1970 deed and such intention, as expressed in the settlement agreement, is governed by the rules stated in Bernhard v. Bernhard, 278 Ala. 240, 177 So.2d 565 (1965). The parties agree that the Bernhard rule is the applicable one. The appellee, however, and we believe correctly so, contends that the rule stated in Owens v. Owens, 281 Ala. 239, 201 So.2d 396 (1967), is also applicable.
We agree with the appellant that a divorce decree, silent with respect to property held jointly with right of survivorship does not automatically destroy the estate. Summerlin v. Bowden, 286 Ala. 391, 240 So.2d 356 (1970). However, it goes without question that the parties themselves, or the court with the parties before it, may terminate the estate and, when they do, as they did here, a tenancy in common is created in the property, without a right of survivorship in either party.
The Hale heirs correctly contend, and the trial court correctly held, that the property settlement, when read in conjunction with the divorce decree as a whole, acted to sever the joint tenancy with right of survivorship and converted that estate into a tenancy in common, with Hale's one-half interest in the property descending to his heirs upon his death. The divorce decree adopted the settlement agreement as a final adjudication of all issues of "alimony, disposition of property, payment of debts, and other related matters."
Although we have not had this exact issue before us, our recent case of Lawley v. Smith, 409 So.2d 809 (Ala.1982), is quite similar and the Colorado case of Mann v. Bradley, 188 Colo. 392, 535 P.2d 213 (1975), is strikingly so. We are in accord with the following statement made by that court:
"The intent of the parties as shown in the property settlement agreement is central to the issue presented. This agreement provided for the ultimate sale of the property and the division of the proceeds, which evinces the intent to no longer hold the property in joint tenancy from the effective date of the agreement. The entire tenor of those provisions of the agreement pertaining to this property is inconsistent with any purpose of the parties to continue the right of survivorship, which is the sine qua non of joint tenancy."
535 P.2d at 215.
The judgment appealed from is affirmed.
AFFIRMED.
TORBERT, C. J., and MADDOX, ALMON, SHORES, EMBRY and BEATTY, JJ., concur.
FAULKNER, JONES and ADAMS, JJ., dissent.
JONES, Justice (dissenting):
I respectfully dissent.
*887 Briefs of counsel place great stress upon the chronology of the events leading to the instant dispute; i.e., whether the nondestructibility rule of Bernhard v. Bernhard, 278 Ala. 240, 177 So.2d 565 (1965), or the destructibility rule of Nunn v. Keith, 289 Ala. 518, 268 So.2d 792 (1972), controls the disposition of this case. Admittedly, if we agree with the trial court's finding that it was the intention of the parties to destroy the joint tenancy created by the 1970 deed, such intention, as expressed in the settlement agreement, would be governed by the Bernhard rule.[1] As to the prospective effect of Nunn, see Jackson v. Fillmore, 367 So.2d 948 (Ala.1979).
Because I disagree with the trial court's interpretation of the effect of the divorce decree upon the joint tenancy, however, whether Bernhard or Nunn is controlling becomes immaterial. In other words, I would hold that the property settlement language incorporated into the decree, when not acted upon by the parties according to its terms, left unaffected the joint tenancy estate created by the 1970 deed; thus, under the facts of the instant case, the result would be the same, whichever of the two rules applies.
It has long been the rule in Alabama that a joint tenancy with right of survivorship an estate historically disfavored because of its survivorship feature which excludes "heirs or next of kin of the deceased tenant" (Parsons v. Boyd, 20 Ala. 112 (1852)), and at one time statutorily abolished in Alabamacan be created only by a grantor's use of carefully chosen words of conveyance distinctly describing the characteristics of the estate and evidencing a single intent: the creation of a joint tenancy with an attendant right of survivorship.
Because of the exhaustive treatment accorded the subject of joint tenancies by our recent case law, repetition of the nature and characteristics of such estates is unnecessary. A brief review of several pertinent points will suffice. Such estates, statutorily recognized, are aptly summarized in Nunn v. Keith, 289 Ala. at 524, 268 So.2d at 792:
"[W]e hold that [§ 35-4-7, Code 1975] recognizes joint tenancy, with right of survivorship, as a valid estate in realty or personalty, and that it differs from the common law estate of the same name only in so far as (1) the statutory requirement that the intention to have the right of survivorship must be clearly expressed in the instrument of the conveyance, and (2) elimination of the common law unity of time."
In Summerlin v. Bowden, 286 Ala. 391, 393, 240 So.2d 356 (1970), this Court stated:
"Joint tenancies with the right of survivorship in cases involving husbands and wives can present problems when the parties are divorced. However, the tenure under deeds [creating joint tenancy estates] does not arise from the relationship of the tenants, or status, but from the deed creating the estate, and, therefore, divorce does not affect the rights of the parties."
Given, then, the "clearly expressed in the instrument of conveyance" statutory requisite of intention with which a joint tenancy with right of survivorship is created, I cannot say that the requisite intention to destroy that estate can be given legal effect with any less specificity.
That the parties, acting through their mutual assent, as well as the court, acting pursuant to the Owens exception, were authorized to sever the estate is beyond question. The question, then, is not could it be done, but was it done; and the answer to this ultimate issue is inherent in the answer to the primary inquirywhether the divorce decree evidences an intention of the parties or the court to sever the estate when tested against the "clearly expressed" criterion.
*888 The majority holds that the property settlement, when read in conjunction with the divorce decree as a whole, acted to sever the joint tenancy with right of survivorship and converted that estate into a tenancy in common, with James's one-half interest in the property descending to his heirs upon his death. I disagree.
Turning, again, to the language of the divorce decree, we find that the parties agreed 1) to sell the property upon the agreement of both parties, and 2) until the property was sold, each would pay one-half of the mortgage payments and other expenses. The court's order adopted the settlement agreement as a final adjudication of all issues of "alimony, disposition of property, payment of debts, and other related matters."
I am mindful, of course, that this divorce decree was rendered by a court in Georgia, a State whose property law materially differs from ours; and that, had the parties fully understood their options, their respective counsel might very well have expressed their intentions differently. But where their mutual intention is clearly expressed upon the face of the instrument (here, the divorce decree), the Court is unauthorized to breathe into that instrument a contrary meaning.
The language of the property settlement, when interpreted within its four corners, neither instructs the joint tenants to sell the 200-acre tract nor states that its terms are based upon any express intention of the parties to sell the property at a future date. Rather, the agreement clearly provides for an orderly continued relationship between the parties as joint tenants of their realty.
Had James and Myrtle remained husband and wife and wished to divide the property in question (or convert it into a tenancy in common), under the Bernhard rule (the joint tenancy was created in 1970, prior to Nunn), they would have had to enter into an agreement which, in terms no less specific than those required to create the estate, indicated their mutual and unequivocal intent to destroy the joint tenancy with right of survivorship. Why, then, should their divorce decree and the incorporated property settlement agreement alter this procedure?
I can think of no valid reason. Indeed, the pertinent language of the divorce decree merely expresses the operative effect of the legal incidents of a joint tenancy with a right of survivorship. I would hold that such an estate cannot be destroyed or converted by implication. For cases from other jurisdictions in accord with these views, see Compton v. Compton, 624 P.2d 345 (Ariz.1981); and Gillette v. Nicolls, 121 Cal.App.2d 185, 262 P.2d 856 (1953). The majority cites two contrary holdings: Lawley v. Smith, 409 So.2d 809 (Ala.1982); and Mann v. Bradley, 188 Colo. 392, 535 P.2d 213 (1975). I view these cases as supportive of my position. In Lawley (with which I concurred), the trial court, pursuant to Owens v. Owens, 281 Ala. 239, 201 So.2d 396 (1967), had ordered the jointly held property sold, which order predated the death of the former wife. In Mann, the agreement was materially different from the agreement in the instant case.
The parties in Mann agreed that the family residence should be sold and the proceeds equally divided upon the occurrence of any one of the three following events: 1) the remarriage of Mrs. Mann; 2) when their youngest child reached the age of 21; or 3) by mutual agreement of the parties. Clearly, the Mann agreement included an intention of the parties to treat their interest as belonging to them in common. Here, the agreement expressed an intention to dispose of the property only upon their mutual consentthe exact condition precedent to its disposition had they entered into no agreement at all. Therefore, the agreement merely expressed an intention to continue the pre-existing estate between the parties.
FAULKNER and ADAMS, JJ., concur.
NOTES
[1] Appellees do not contend otherwise. They insist, however (and correctly so, assuming the correctness of the trial court's interpretation of the parties' intent), that the "judicial property settlement" exception of Owens v. Owens, 281 Ala. 239, 201 So.2d 396 (1967), is the applicable rule.