This is an appeal by Mary Jane Porter from a partial summary judgment rendered in favor of Martha Porter. The issue is whether a divorce decree destroyed a joint tenancy with right of survivorship in real estate.
The appellant, Mary Jane Porter, and the late Denis M. Porter were married in 1948. In 1963 they purchased a house and lot in Jefferson County under a deed containing the following habendum clause:
 "[Grantors] do grant, bargain, sell and convey unto the said Denis M. Porter and wife, Mary Jane Porter as joint tenants, with right of survivorship, the following described real estate. . . ."
 "TO HAVE AND TO HOLD unto the said Denis M. Porter and wife, Mary Jane Porter, as joint tenants, with right of survivorship, their heirs and assigns, forever; it being the intention of the parties to this conveyance, that (unless the joint tenancy hereby created is severed or terminated during the joint lives of the grantees herein), in the event one grantee herein survives the other, the entire interest in fee simple shall pass to the surviving grantee, and if one grantee does not survive the other, then the heirs and assigns of the grantee herein shall take as tenants in common."
The appellant and Denis Porter were divorced in 1976. The final judgment of divorce contained the following references to the real property in question:
 "[Fifth] (b) Defendant/Cross-Plaintiff [Mary Jane Porter] shall have the right to exclusive occupancy to the former residence of the parties, property now jointly owned by them until a change in circumstances warrants a modification of this Decree in this respect, and Plaintiff/Cross-Defendant [Denis M. Porter] shall maintain said property in a reasonably good and tenantable condition. Plaintiff/Cross-Defendant [Denis M. Porter] shall maintain adequate insurance on said property; shall pay all charges of utility companies, less charges for long distance telephone calls for persons other than Plaintiff/Cross-Defendant [Denis M. Porter], and shall pay all ad valorem taxes on said property.
 (c) During the continuance of the obligations of sub-paragraph (b) above:
 Plaintiff/Cross-Defendant [Denis M. Porter] shall pay all indebtedness as or before it matures under the present mortgages on the property involved, which payments as under principal will inure in equal proportion to the parties as joint owners." *Page 632 
Sometime after his divorce from appellant, Denis Porter married Martha Porter, appellee, and remained married to her until his death in 1983. There was no modification of the final judgment of divorce in regard to the real property, and neither Denis Porter nor appellant attempted to convey his or her interest in the real property prior to the death of Denis Porter.
Appellee, as executrix of the estate of Denis Porter (later substituted as Martha Porter, individually) filed a complaint for the sale of the property for division. She alleged that Denis Porter's estate was a tenant in common in the property with appellant, claiming that the final judgment of divorce terminated the survivorship provisions of the 1963 deed and made the parties joint owners of the property subject to a sale for division upon petition of either party. Appellant denied any termination of the joint tenancy and moved for summary judgment upon the pleadings and uncontradicted facts presented. Appellee answered by also moving for summary judgment.
The trial court entered a decree of partial summary judgment, finding that "Plaintiff [appellee] and Defendant [appellant] are co-tenants in the property . . . and each owns a one-half (1/2) undivided interest therein." Appellant filed a motion for reconsideration, which was denied. The trial court entered an appropriate finding under Rule 54 (b), A.R.C.P., that there was no just reason for delay and directed the entry of judgment. The case was submitted on written stipulations of fact and no oral evidence was taken. When a case is tried in this manner there is no presumption of correctness as to findings of fact on appeal and this Court sits in judgment on the evidence. Exparte British Steel Corp., 426 So.2d 409 (Ala. 1982). There is also no presumption of correctness on appeal as to the lower court's determinations concerning questions of law. Collier v.Brown, 285 Ala. 40, 228 So.2d 800 (1969).
The issue in this case is whether the joint tenancy with right of survivorship was destroyed by the 1976 divorce decree. The destructibility of joint tenancies has been termed "one of the most confused areas of Alabama law." Nunn v. Keith,289 Ala. 518, 520, 268 So.2d 792, 794 (1972). This case, however, does not require that we set out the complete history of the destructibility of joint tenancies. The deed was executed in 1963.
In Nunn v. Keith, supra, this Court overruled Bernhard v.Bernhard, 278 Ala. 240, 177 So.2d 565 (1965), and revived the common law joint tenancy with right of survivorship. The majority held that this revived joint tenancy
 "differs from the common law estate of the same name only insofar as (1) the statutory requirement that the intention to have the right of survivorship must be clearly expressed in the instrument of conveyance, and (2) elimination of the common law unity of time."
Nunn v. Keith, 289 Ala. at 524, 268 So.2d at 797. The Court added that the joint tenancy is destructible as it was at common law. Bringhurst v. Hardin, 387 So.2d 186 (Ala. 1980), held in effect that the rule announced in Nunn applied to all pre-1965 conveyances. Thus the joint tenancy created by the 1963 deed is destructible as at common law.
At common law a joint tenancy could be severed by destruction of one of the four unities, i.e., time, title, interest, and possession. Shrout v. Seale, 287 Ala. 215, 250 So.2d 592
(1971); II W. Blackstone, Commentaries on the Laws of England, 180-82.
The issue is whether the divorce decree destroyed the unity of possession and converted the joint tenancy with right of survivorship into a tenancy in common by granting exclusive occupancy of the house to appellant. The major distinction between a tenancy in common and a joint tenancy is that the interest held by tenants in common is devisable and descendible, whereas the interest held by joint tenants passes automatically to the last survivor. Thus, if the granting of exclusive possession to appellant destroyed the joint tenancy and converted it into a tenancy in common, *Page 633 
appellee would own a half interest in the property through Mr. Porter's will. If the joint tenancy was not destroyed, appellant would own the entire interest by virtue of being the survivor.
Unity of possession requires that the property be held by one and the same undivided possession. 4 G. Thompson, Commentarieson the Modern Law of Real Property, § 1776 (1979). Unity of possession means that all joint tenants have a common right to possess and enjoy the property. II American Law of Property, § 6.1 (1952). Possession by one cotenant is presumed to be possession by all. 4A R. Powell, The Law of Real Property, ¶ 603 (Rohan ed. 1982).
Appellee argues that since the divorce decree gave appellant "exclusive occupancy" that means she was given exclusive "possession." This argument concludes that the unity of possession is destroyed, the joint tenancy is destroyed, and a tenancy in common results.
When one or all of the unities of time, title, and interest are destroyed the joint tenancy is severed and a tenancy in common results. II Tiffany, Real Property, § 425 (3rd ed.). This result follows from the rule of law that a tenancy in common requires only one unity, that of possession. Van Meterv. Grice, 380 So.2d 274 (Ala. 1980). II W. Blackstone, supra, at 191.
Thus, if we assume that by granting exclusive occupancy to the appellant the unity of possession was destroyed, then the joint tenancy was severed. No other recognized common law joint estate arose and we are left with the conclusion that the divorce court either granted absolute ownership to one of the parties or partitioned the property or some variation of the above.[1] This result is contrary to the divorce decree. The granting of exclusive possession of the house to appellant did not destroy the unity of possession. The divorce decree provides that appellant shall have exclusive occupancy of the house "until a change in the circumstances warrants a modification of this decree in this respect." This retention of jurisdiction, with respect to the jointly owned property, indicates that the court left itself an option to later modify the occupancy or terminate the joint tenancy. This retention of jurisdiction to later modify the decree also indicates that the exclusive occupancy given to the appellant was temporary as opposed to permanent. In Hamaker v. Hamaker, 57 Ala. App. 333,328 So.2d 588 (1976), the Court of Civil Appeals in construing a divorce decree which gave the former wife the occupancy and use of the jointly owned property held that the
 "retention of jurisdiction leads us to believe that allowing the wife to use the property was purely a temporary measure and that a future permanent disposition was clearly envisioned."
Id., 57 Ala. App. at 338, 328 So.2d at 592. The mere temporary division of property held by joint tenants, without an intention to partition, will not destroy the unity of possession and amount to a severance of the joint tenancy.Stiff v. Stiff, 184 Neb. 432, 168 N.W.2d 273 (1969); 48A C.J.S.Joint Tenancy, § 17, p. 346 (1981).
The circuit court has the power to adjust the ownership of property held by joint tenants who are parties to a divorce action. Summerlin v. Bowden, 286 Ala. 391, 240 So.2d 356
(1970); Owens v. Owens, 281 Ala. 239, 201 So.2d 396 (1967). Appellee argues that the divorce decree, when read in its entirety, severs the joint tenancy. No portion of the divorce decree, other than that quoted at the beginning of this opinion, sheds any light on the present controversy. Thus, we must discern from the previously quoted portion of the divorce decree if the joint tenancy was severed. *Page 634 
The decree refers to the property as "jointly owned" and the parties as "joint owners." These are the only attempts by the court to characterize the cotenancy in common law terms. The term "jointly" is consistent with either a joint tenancy or a tenancy in common. Mann v. Bradley, 188 Colo. 392, 535 P.2d 213
(1975), cited with approval in Watford v. Hale, 410 So.2d 885
(Ala. 1982).
Appellee argues that paragraph 5 (c) of the decree, when read in conjunction with paragraph 5 (b), would be rendered meaningless if the joint tenancy was not severed. Paragraph 5 (b) generally provides that Mr. Porter shall pay all indebtedness of the marriage. Paragraph 5 (c) provides that the payments of the indebtedness will "inure in equal proportion to the parties. . . ." Appellee argues that the payments could not inure to the parties equally unless the joint tenancy was severed; the payment would inure only to the survivor if the joint tenancy was not severed.
As appellee so aptly points out in her brief, the payments would inure to each party equally upon a later sale and division. This conclusion is consistent with the court's retention of jurisdiction to later modify the decree. The fact that the payments would inure equally to both parties is consistent with the definition of a joint tenancy. In a joint tenancy each tenant is seized of some equal share while at the same time each owns the whole. Nunn v. Keith, supra. The provisions of the divorce decree do not indicate that the joint tenancy was severed or destroyed.
The lower court relied on Watford v. Hale, supra, and Mann v.Bradley, supra, in holding that the divorce decree severed the joint tenancy. Suffice it to say that each of these cases involved a property settlement agreement which expressed the intent of the parties to sell the jointly owned property and divide the proceeds equally. We do not deem these cases controlling under the facts in this case.
A divorce does not necessarily sever a joint tenancy. Although divorcing parties are usually desirous of settling all their property rights, there is no requirement that the divorce modify the previous ownership. Coffelt v. Coffelt,390 So.2d 652 (Ala.Civ.App. 1980). A divorce decree which is silent with respect to property held jointly with a right of survivorship does not automatically destroy the existing survivorship provisions. Summerlin v. Bowden, supra. The divorce decree is effectively silent as to the status of the property. To hold that the divorce decree severed the joint tenancy in this case would be to convey the property by implication. Real property cannot be conveyed by implication. Radiola v. Radiola,380 So.2d 817 (Ala. 1980).
The divorce decree did not destroy the joint tenancy with right of survivorship. Consequently, the property vested in the appellant upon the death of her joint tenant, Mr. Porter. The judgment is therefore reversed and the cause remanded.
REVERSED AND REMANDED.
TORBERT, C.J., and FAULKNER, EMBRY and ADAMS, JJ., concur.
[1] The type of ownership which results when a joint tenancy is severed for lack of unity of possession is not an acceptable variation of the common law joint estates discussed by Mr. Justice Embry in his special concurrence or by Mr. Justice Maddox in his dissent in Durant v. Hamrick, 409 So.2d 731 (Ala. 1981).