This is an appeal by the administrator of the estate of Margaret Kirven, deceased, from a summary judgment entered in favor of Jo Belle Kirven and the trustee of her bankruptcy estate by the Probate Court of Jefferson County. We affirm.
The facts were stipulated:
On February 28, 1968, the property in dispute was conveyed by Salisbury Development Company to "J.W. Kirven and wife, Margaret Kirven" as "joint tenants with right of survivorship" by warranty deed recorded April 9, 1968. On January 16, 1973, a final judgment of divorce was entered in Jefferson County Circuit Court, dissolving the Kirvens' marriage. The divorce judgment approved and incorporated an agreement between the parties settling various property, custody, support, and other issues relating to their marriage.
Paragraph 4 of the settlement agreement made a part of the divorce judgment states as follows:
 "4. It is the mutual agreement of the parties hereto that the Complainant and the minor child of the parties shall have the exclusive use and occupancy of the home now jointly owned by the parties and located at 2136 Etowah Street, Tarrant, Alabama, until such time as the minor child of the parties becomes of age, marries or becomes self-supporting, or until such time as the Complainant remarries. Upon the occurrence of the first of the above named events, said house shall be sold and the proceeds derived therefrom shall be divided equally between the parties hereto. Until the occurrence of one of the above named events, Respondent agrees to assume and pay all mortgage payments on said house."
The settlement agreement also provides that such agreement shall be "complete concerning the . . . disposition of personal and real property."
On October 17, 1980, J.W. Kirven executed his last will and testament. The second paragraph of it left his residuary estate to his second wife, by the following language:
 "Second. All of my estate, real, personal and mixed, of whatever kind and nature and wherever situated, remaining after payment of my debts and funeral expenses, I give, devise and bequeath unto my wife, Jo Belle Kirven, (her) heirs and assigns, absolutely and in fee."
J.W. Kirven died on January 24, 1981. His will was probated in the Jefferson County Probate Court. His first wife, Margaret Kirven, died on September 15, 1986. Jo Belle Kirven, the second wife, filed her petition in bankruptcy under Chapter 7 of the Bankruptcy Code on June 3, 1986. Her bankruptcy estate is presently being administered by the trustee.
On March 18, 1987, the trustee in bankruptcy and Jo Belle Kirven filed a claim against the estate of Margaret Kirven, claiming an undivided one-half interest, as tenant in common, in the residence. They contend that the property settlement severed the joint tenancy with right of survivorship in the residence and converted the estate into a tenancy in common, which, they argue, passed through J.W. Kirven's will to Jo Belle Kirven and finally to her bankruptcy estate.
The administrator contends that the settlement agreement did not sever the right of survivorship and that Margaret Kirven became the sole owner upon the death of J.W. Kirven. The administrator also argues that laches bars the claim.
The probate court held that J.W. Kirven and Margaret Kirven intended by the settlement agreement, which was incorporated *Page 938 
into the divorce judgment, to destroy the joint tenancy with right of survivorship created by the 1968 deed. The court held that the estate was converted by the settlement agreement into a tenancy in common. This appeal followed, pursuant to Ala. Code 1975, §§ 12-22-20 and -21.
A divorce judgment, silent with respect to property held jointly with right of survivorship, does not automatically destroy the estate. Summerlin v. Bowden, 286 Ala. 391,240 So.2d 356 (1970). However, the parties themselves, or the court with the parties before it, may terminate the estate, the termination resulting in the creation of a tenancy in common without a right of survivorship.
We agree with the probate court's finding that it was the intention of the parties to destroy the joint tenancy created by the 1968 deed and that such intention, as expressed in the settlement agreement, is governed by the rules stated inBernhard v. Bernhard, 278 Ala. 240, 177 So.2d 565 (1965). The probate court correctly found that Watford v. Hale,410 So.2d 885 (Ala. 1982), controls this case. See Ex parte Malone, [Ms. 87-476, September 23, 1988] (Ala. 1988).
In the present case, as in Watford, the property settlement agreement incorporated into the divorce judgment severed the joint tenancy with right of survivorship and converted the estate into a tenancy in common. 410 So.2d at 886. The able probate judge correctly held that the parties, through the settlement agreement, terminated the survivorship aspect of the tenancy by providing for equal division of the proceeds upon sale. Malone, supra. Specifying certain future events that would trigger the sale in no way alters the legal result. Under virtually identical facts, this Court in Watford held that the survivorship rights of the joint tenants were terminated by the language of the agreement.
AFFIRMED.
TORBERT, C.J., and JONES and ADAMS, JJ., concur.
STEAGALL, J., concurs specially.