HOUSTON, Justice.
Bedford Matthews and Mable Jones Matthews were married on April 13, 1946. In 1961, they purchased the property at issue, as a homeplace. Title to the property was taken in the name of “Bedford Matthews and Mable Matthews, husband and wife ... as tenants in common with equal interests for the period or term they both shall survive, and upon the death of either of them, then to the survivor of them.”
After 43 years of marriage, the Mat-thewses were divorced. The judgment of divorce provided, among other things, that “the jointly owned homeplace of the parties [was awarded] to both parties as tenants in common; and further, [that Bedford Matthews was] awarded possession of the homeplace pending further order of the court.”
On September 11, 1990, Mable Jones Matthews died. Letters of administration were issued to Eloise Hamilton, the Mat-thewses’ daughter, who filed an inventory of the estate and claimed for the estate a one-half interest in the homeplace shared by her parents during their marriage. Subsequently Bedford Matthews filed a claim against the estate, claiming the property in fee. Hamilton, as administratrix, challenged the claim, contending that the survivorship terms in the deed to the property were defeated by the language in the divorce judgment and that the estate and Bedford Matthews owned the property as tenants in common. The probate court, holding that the language in the divorce judgment did not destroy the survivorship interest created by the deed, allowed Bed-ford Matthews’s fee simple claim to the property. Hamilton, as administratrix of the estate of Mable Jones Matthews, appeals.
As this Court stated in Porter v. Porter, 472 So.2d 630 (Ala.1985), a divorce judgment that is silent with respect to property held jointly with right of survivor-ship does not automatically defeat the existing survivorship provisions.
The issue in this case is whether the language contained in the divorce judgment was specific enough to destroy the right of survivorship and thereby create a tenancy in common. We hold that it was, because the trial court expressly awarded the property to the parties “as tenants in common.” Therefore, the judgment was not silent; rather, by using such language in the judgment, the trial court effectively defeated the survivorship terms of the deed and created a tenancy in common.
Under the particular facts of this case, the probate court erred in holding that the language in the divorce judgment did not destroy the right of survivorship and erred in granting Bedford Matthews a fee simple interest in the property.
Any further recitation of the facts or further discussion of the applicable law would not aid the bench and bar.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, SHORES and KENNEDY, JJ., concur.