Betty Stokes filed an action seeking to eject Wanda Fitts from the former marital residence of Betty Stokes and Stokes's ex-husband Richard Fitts. The trial court ordered Stokes to execute a quitclaim deed transferring Stokes's interest in the property to Fitts's estate; it ordered Fitts's estate to pay Stokes one-half of the equity in the property. Both Fitts and Stokes appealed.
 Facts
The facts are undisputed. On August 18, 1997, the real estate at issue in this action was deeded to Richard Fitts and his then wife, Betty Stokes, then Betty Gail Fitts, as joint tenants with right of survivorship. On August 3, 1999, Richard Fitts and Betty Stokes were divorced. The trial court incorporated into the judgment of divorce the following provision of a settlement agreement between Richard Fitts and Betty Stokes:
 "[Richard Fitts] shall have possession of the former marital home of the parties located at 277 Hwy. 44, Russellville, Alabama. The property is subject to a mortgage to Citizens Bank Savings Company and [Richard Fitts] shall assume the indebtedness thereon and make the payments when due and hold [Betty Stokes] harmless therefrom and from any other liability of any kind arising on or from the said property. In addition, [Richard Fitts] shall, within 6 months of the date the divorce becomes final, get the Bank to remove [Betty Stokes's] name from the note and mortgage. At that time, [Betty Stokes] will execute a quitclaim deed to [Richard Fitts] for her ½ interest in the property. In the event that [Richard Fitts] is unable to get the Bank to remove [Betty Stokes] from the note and mortgage, then [Richard Fitts] will continue to make the payments and continue to hold [Betty Stokes] harmless [for] any liabilities thereon. At such time as [Betty Stokes's] name is removed from the indebtedness, then she shall execute a quitclaim deed to [Richard Fitts] for her ½ interest in the said property. In the event that [Richard Fitts] is unable to make the payments for whatever reason, then he will convey his interest in the house and property to [Betty Stokes] before foreclosure of the mortgage, and she shall be responsible for any remaining payments."
Richard Fitts died on May 14, 2000. In the interim, between the time of his divorce from Betty Stokes on August 3, 1999, and his death, Richard Fitts married Wanda Fitts; they were married at the time of his death. At the time of his death, Richard Fitts had not obtained the release of Betty Stokes from the note and the mortgage. The mortgage payments were current at the time of Richard Fitts's death, and Wanda Fitts has continued to make those payments subsequent to Richard Fitts's death. *Page 231 
In her action seeking to eject Wanda Fitts from the property, Betty Stokes claimed that the joint tenancy with right of survivorship she held with Richard Fitts was undisturbed by the divorce judgment. Moreover, Stokes argued that because Fitts had died without having her name removed from the mortgage, she took his interest in the property by virtue of her right of survivorship. Wanda Fitts argued that the divorce judgment terminated the joint tenancy with right of survivorship between Betty Stokes and Richard Fitts and left them tenants in common. Fitts argued that, as the representative of Richard Fitts's estate, she took his one-half interest in the property upon his death and that Betty Stokes owned the other one-half interest in the property. Wanda Fitts contended that so long as Stokes's name remained on the mortgage and Richard Fitts's heirs or successors made the mortgage payments, Stokes and Wanda Fitts would each continue to hold one-half interest in the property as tenants in common.
On September 7, 2001, the trial court issued its order in Betty Stokes's ejectment action. The trial court found that Wanda Fitts and Betty Stokes each owned a one-half interest in the property as tenants in common. The trial court then ordered that the property be sold and the proceeds divided. Neither party had requested that the property be sold. Both Wanda Fitts and Betty Stokes filed motions in the trial court to alter, amend, or vacate the order; the trial court denied both motions. Both Wanda Fitts and Betty Stokes appeal from the trial court's order denying their respective motions to alter, amend, or vacate the trial court's order.
 Standard of Review
The operative facts are undisputed. Thus, the ore tenus rule has no application. Brooks v. Resolution Trust Corp., 599 So.2d 1163, 1164 (Ala. 1992). "This Court's review of the application of the law to the undisputed facts is de novo." Lyons v. Norris,829 So.2d 748, 750 (Ala. 2002).
 Discussion
It is undisputed that before their divorce, Richard Fitts and Betty Stokes owned the property in question as joint tenants with the right of survivorship. Thus, the question is whether the divorce judgment extinguished the joint tenancy with the right of survivorship. If the joint tenancy was not extinguished, Betty Stokes owned the entire interest in the property upon the death of Richard Fitts by virtue of her right of survivorship. If the divorce judgment extinguished the joint tenancy, both Wanda Fitts and Betty Stokes would have a one-half interest in the property as tenants in common.
A divorce judgment alone does not automatically destroy a joint tenancy with the right of survivorship. Watford v. Hale, 410 So.2d 885, 886
(Ala. 1982); Summerlin v. Bowden, 240 So.2d 356, 357-58 (Ala. 1970);Kirven v. Reynolds, 536 So.2d 936, 938 (Ala. 1988). However, "the parties themselves, or the court with the parties before it, may terminate the estate and, when they do . . . a tenancy in common is created in the property, without a right of survivorship in either party." Watford,410 So.2d at 886; Reynolds, 536 So.2d at 938.
In Watford, this Court held that a property settlement incorporated in a divorce judgment that called for the sale of the property upon the agreement of the parties severed the joint tenancy and created a tenancy in common. Thus, when the husband died intestate four years after the divorce and before either party had taken any action to sell the property, his ex-wife did not take the entire interest in the property by right of survivorship, because *Page 232 
the joint tenancy had been extinguished, as evidenced by the intent of the parties reflected in the property settlement incorporated in the divorce judgment. Instead, the ex-wife and the decedent's estate each held a one-half interest in the property as tenants in common. 410 So.2d at 886.
The divorce judgment in this case evidences a similar intent by Betty Stokes and Richard Fitts to sever their joint tenancy with the right of survivorship. The parties anticipated that Richard Fitts would gain the entire interest in the property upon the removal of Betty Stokes from the mortgage or that Betty Stokes would gain the entire interest in the property in the event that Richard Fitts was unable to make the mortgage payments. Moreover, the property settlement refers to each party's "one-half interest" in the property. Gone is the concept, peculiar to joint tenancy, of ownership of "some equal share while at the same time each owns the whole." Porter v. Porter, 472 So.2d 630, 634 (Ala. 1985). "`The entire tenor of those provisions of the agreement pertaining to this property is inconsistent with any purpose of the parties to continue the right of survivorship, which is the sine qua non of joint tenancy.'"Watford, 410 So.2d at 886, quoting Mann v. Bradley, 188 Colo. 392, 395,535 P.2d 213, 215 (1975). Thus, the property settlement between Richard Fitts and Betty Stokes incorporated in their divorce judgment extinguished their joint tenancy and created a tenancy in common.
Our analysis does not end here, however, because the trial court, after determining that Betty Stokes and Wanda Fitts, as representative of Fitts's estate, each had a one-half interest in the property as tenants in common, ordered Betty Stokes to execute a quitclaim deed to Fitts's estate deeding her interest in the property to the estate upon the payment by the estate of one-half of the equity in the property. The trial court further ordered that if Fitts's estate failed to make such a payment, the clerk of the circuit court was to conduct a public sale of the property and divide the proceeds between Stokes and Fitts's estate.
"After a lapse of thirty days from the date of a divorce decree a court cannot modify a property settlement provision except to correct clerical errors." Ex parte Kirkley, 418 So.2d 118, 120 (Ala. 1982); Smith v.Smith, 606 So.2d 164, 165 (Ala.Civ.App. 1992). The trial court's order, requiring Stokes to execute a quitclaim deed to Fitts's estate for her interest in the property and requiring Fitts's estate to pay Stokes one-half of the equity in the property constituted a modification of the earlier property settlement. The property settlement provision relating to the property was incorporated into the divorce judgment on August 3, 1999, more than 30 days before the trial court's September 7, 2001, order. Thus, the trial court lacked jurisdiction to modify the property settlement. Smith, 606 So.2d at 165.
We affirm the judgment insofar as it concludes that the joint tenancy between Richard Fitts and Betty Stokes was extinguished by the divorce judgment. In all other respects, we reverse the judgment. The interests of the parties in the subject property are governed by the applicable provisions of the divorce judgment.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
MOORE, C.J., and HOUSTON, JOHNSTONE, and WOODALL, JJ., concur. *Page 233