SEE, Justice
(dissenting).
I respectfully dissent from the no-opinion affirmance.
Raymond Bruce Hurston, Jr., and Shir-lene Brock, a married couple, owned real property as joint tenants with right of survivorship. They divorced and entered into a property settlement incident to the divorce. After the divorce, Hurston mortgaged the property to American General Finance Co., Inc. Hurston later died, and American General Finance filed this de *421 claratory-judgment action to determine whether it holds a valid mortgage against the property, arguing that the settlement agreement entered into at the time of the divorce severed the joint tenancy between Hurston and Brock.
The test for whether a joint tenancy with right of survivorship has been severed by a property settlement incident to a divorce is whether the parties intended to sever the joint tenancy when they entered into their settlement agreement. In Fitts v. Stokes, 841 So.2d 229 (Ala.2002), Richard Fitts and Betty Stokes owned property as joint tenants with right of sur-vivorship. They divorced, and under their settlement agreement, Betty was to convey her one-half interest in the property to Richard Fitts, except that if he could not make the mortgage payments, then he was to convey his one-half interest to Betty Stokes. This Court concluded that their settlement agreement evinced an intent to sever the joint tenancy and held that the settlement agreement therefore effectively severed the joint tenancy between Richard Fitts and Betty Stokes. Fitts, 841 So.2d at 232.
In Watford v. Hale, 410 So.2d 885 (Ala.1982), James Hale and Myrtle Hale divorced and agreed to a property settlement. This Court found that the joint tenancy with right of survivorship was severed by the property settlement because “it was the intention of the parties to destroy the joint tenancy.” 410 So.2d at 886. Further, this Court noted its “accord” with the following statement by the Colorado Supreme Court concerning an analogous case:
“ ‘The intent of the parties as shown in the property settlement agreement is central to the issue presented. This agreement provided for the ultimate sale of the property and the division of the proceeds, which evinces the intent to no longer hold the property in joint tenancy from the effective date of the agreement. The entire tenor of those provisions of the agreement pertaining to this property is inconsistent with any purpose of the parties to continue the right of survivorship, which is the sine qua non of joint tenancy.’ ”
Watford, 410 So.2d at 886 (quoting Mann v. Bradley, 188 Colo. 392, 395, 535 P.2d 213, 215 (1975)).
This Court stated in Summerlin v. Bowden, 286 Ala. 391, 393, 240 So.2d 356, 358 (1970), that “divorce does not affect the rights of the parties” with respect to joint tenancies with right of survivorship. Although I agree that the fact of divorce does not alone effect a severance of a joint tenancy, I believe that divorce does create a presumption that the parties intended to sever the joint tenancy, absent sufficient evidence of an intent to the contrary. Moreover, in this case, even without such a presumption, the evidence is sufficient to demonstrate the parties’ intent to sever their joint tenancy. Hurston’s estate and Brock have made such a showing.
Although a judgment of divorce does not necessarily sever the joint tenancy with right of survivorship, Summerlin, supra, when the judgment of divorce is “read in conjunction” with the terms of the property settlement, the circumstances “as a whole” can sever that joint tenancy. Watford, supra. It is useful to distinguish this case from Porter v. Porter, 472 So.2d 630 (Ala.1985), in which Mary Jane Porter and Denis Porter, a married couple, owned property as joint tenants. They divorced and executed a settlement agreement whereby Mary Jane Porter obtained the right to “exclusive occupancy” of the residence on the property “until a change in circumstances warrants a modification” of the divorce judgment. Porter, 472 So.2d at 631. This Court held that the “mere *422 temporary division of property held by joint tenants, without an intention to partition, will not ... amount to a severance of the joint tenancy.” 472 So.2d at 633. Mary Jane Porter’s exclusive right to occupy the property was not sufficient to sever the joint tenancy with right of survivor-ship. 472 So.2d at 633. However, in Porter the trial court retained jurisdiction to “later modify the occupancy or terminate the joint tenancy.” 472 So.2d at 633. Thus, it was apparent from the trial court’s order that the joint tenancy had not been terminated. In the case before us, on the other hand, the trial court retained no such power to later terminate the joint tenancy. Porter, 472 So.2d at 633.
The trial court in Porter retained jurisdiction over the jointly owned property, thus indicating that the division of that property was “mere[ly] temporary” and that it did not “amount to a severance of the joint tenancy.” 472 So.2d at 633. Because the settlement agreement between Hurston and Brock was not similarly temporary, the reasoning in Porter does not apply here. On the contrary, the terms of the settlement agreement between Hur-ston and Brock, combined with the fact that the parties were divorcing, is a sufficient demonstration of the intent to sever their joint tenancy with right of survivor-ship.
Under the terms of the settlement agreement, Hurston and Brock agreed that “at the time and in the event that [the property] is sold ... whatever equity is derived ... will be divided equally.” Until that time, Hurston “shall have exclusive right to continue to reside [on the property] and to exercise exclusive control over [it].”
In Kirven v. Reynolds, 536 So.2d 936 (Ala.1988), J.W. Kirven and Margaret Kir-ven held property as joint tenants with right of survivorship. They divorced and executed a settlement agreement whereby their minor child would have the exclusive use of the property
“ ‘until such time as the [child] becomes of age, marries or becomes self-supporting, or until such time as the Complainant remarries. Upon the occurrence of the first of the above named events, said house shall be sold and the proceeds derived therefrom shall be divided equally between the parties hereto.’ ”
536 So.2d at 937. This Court held that the settlement agreement evinced sufficient intent to sever the joint tenancy with right of survivorship. The present case is analogous. Just as in Kirven, an exclusive use of the property was bestowed, and the parties agreed to split the proceeds should the property later be sold; unlike the trial court in Porter, the trial court here did not retain jurisdiction to later sever the joint tenancy. On the basis of the terms of the settlement agreement in Kirven, this Court held that “it was the intention of the parties to destroy the joint tenancy.” Kirven, 536 So.2d at 938. Similarly, Hurston and Brock evinced such an intent to sever their joint tenancy with right of survivor-ship.
For the foregoing reason, I respectfully dissent.