THOMAS, Judge.
 

 Aretha M. Jones appeals from a summary judgment entered by the Madison Circuit Court in favor of Bettye Shannon. We reverse and remand.
 

 Facts and Procedural History
 

 Shannon and Henry M. Jones (“Henry”) were married in 1961. In 1977, Shannon and Henry acquired certain real property (“the property”) as joint tenants with the right of survivorship. In July 1988, Shannon and Henry divorced. The parties entered into a separation agreement that was incorporated into their divorce judgment. The separation agreement provided, with respect to the property:
 

 “The house and lot ... shall remain in joint ownership until it can be sold in a commercially reasonable manner, and [Shannon] shall have exclusive right to possession of the home during the period of time the house is listed for sale and continuing until the home is sold and the sale closed. During the time the house is on the market for sale, and continuing until the house can be sold and the sale closed, all monthly payments for debts of the parties to [the specified lenders] shall be paid from the family business ... or by [Henry], Upon the sale of the house, the entire balances due to [the specified lenders] shall be paid off, and the proceeds of the sale over and above the expenses of sale and the payment of the above debts of the parties shall be equally divided between the parties.”
 

 In December 1990, Henry married Jones. On July 21,1990, Henry purported to convey by deed his interest in the property to Jones. In November 2003, Henry died intestate. At the time of Henry’s death, the property had not been sold.
 

 Jones is the personal representative of Henry’s estate. On June 27, 2008, Jones petitioned the trial court to quiet title to the property and to order a sale for division.
 
 [1]
 
 Shannon and Jones both filed motions for a summary judgment. Jones argued in her summary-judgment motion that the divorce judgment had terminated the joint tenancy between Shannon and Henry and had created a tenancy in common. Jones also argued that, even if the divorce judgment did not destroy the joint tenancy, the joint tenancy was destroyed
 
 *719
 
 when Henry subsequently conveyed to Jones his interest in the property. Shannon argued that the joint tenancy survived the divorce judgment and that Henry’s purported conveyance to Jones was defective. After a hearing, the trial court denied Jones’s motion for a summary judgment and entered a summary judgment in favor of Shannon. Jones appealed to the Alabama Supreme Court, and that court transferred the appeal to this court, pursuant to § 12-2-7(6), Ala.Code 1975.
 

 Issues
 

 Jones raises two issues on appeal: (1) whether the trial court erred in determining that the divorce judgment did not destroy the joint tenancy in the property; and (2) whether the trial court erred in determining that Henry did not validly convey to Jones his interest in the property.
 
 [2]
 

 Standard of Review
 

 “We review a summary judgment de novo; we apply the same standard as was applied in the trial court. A motion for a summary judgment is to be grants ed when no genuine issue of material fact exists and the moving party is entitled to a judgment as a matter of law. Rule 56(c)(3), Ala. R. Civ. P. A party moving for a summary judgment must make a prima facie showing ‘that there is no genuine issue as to any material fact and that [it] is entitled to a judgment as a matter of law.’ Rule 56(c)(3);
 
 see Lee v. City of Gadsden,
 
 592 So.2d 1036, 1038 (Ala.1992). If the movant meets this burden, ‘the burden then shifts to the nonmovant to rebut the movant’s prima facie showing by “substantial evidence.” ’
 
 Lee,
 
 592 So.2d at 1038 (footnote omitted). ‘[Substantial evidence is evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’
 
 West v. Founders Life Assurance Co. of Florida,
 
 547 So.2d 870, 871 (Ala.1989);
 
 see
 
 Ala.Code 1975, § 12-21-12(d). Furthermore, when reviewing a summary judgment, the appellate court must view all the evidence in a light most favorable to the nonmovant and must entertain all reasonable inferences from the evidence that a jury would be entitled to draw.
 
 See Nationwide Prop. & Cas. Ins. Co. v. DPF Architects, P.C.,
 
 792 So.2d 369, 372 (Ala.2000); and
 
 Fuqua v. Ingersoll-Rand Co.,
 
 591 So.2d 486, 487 (Ala.1991).”
 

 Lambert v. Mazer Discount Home Ctrs., Inc.,
 
 33 So.3d 18, 22 (Ala.Civ.App.2009).
 

 Analysis
 

 Jones argues that the divorce judgment destroyed the joint tenancy and created a tenancy in common. “[A] divorce decree, silent with respect to property held jointly with right of survivorship
 
 *720
 
 does not automatically destroy the estate.”
 
 Watford v. Hale,
 
 410 So.2d 885, 886 (Ala. 1982). “However, the parties themselves, or the court with the parties before it, may terminate the estate, the termination resulting in the creation of a tenancy in common without a right of survivorship.”
 
 Kirven v. Reynolds,
 
 536 So.2d 936, 938 (Ala.1988). Jones argues that the divorce judgment in this case evidenced an intent to destroy the joint tenancy in the property because, Jones says, the judgment provided for the property to be sold and for the proceeds of that sale to be equally divided between Shannon and Henry. We agree.
 

 In
 
 Watford v. Hale,
 
 supra, the parties’ property settlement incorporated into the divorce judgment provided that a parcel of real property would remain in joint possession until it was sold. The judgment also provided that the parties would equally share the expenses associated with the property before the sale and equally split the proceeds from the sale of the property. The Alabama Supreme Court held that the divorce judgment demonstrated an intent by the parties to destroy the joint tenancy and to create a tenancy in common.
 
 Id.
 
 at 886. Our supreme court also announced its “accord” with the following statement of the Colorado Supreme Court:
 

 “ ‘The intent of the parties as shown in the property settlement agreement is central to the issue presented. This agreement provided for the ultimate sale of the property and the division of the proceeds, which evinces the intent to no longer hold the property in joint tenancy from the effective date of the agreement. The entire tenor of those provisions of the agreement pertaining to this property is inconsistent with any purpose of the parties to continue the right of survivorship, which is the
 
 sine qua non
 
 of joint tenancy.’ ”
 

 410 So.2d at 886 (quoting
 
 Mann v. Bradley,
 
 188 Colo. 392, 395, 535 P.2d 213, 215 (1975)).
 

 In
 
 Ex parte Malone,
 
 543 So.2d 1190, 1193 (Ala.1988), the Alabama Supreme Court held that a divorce judgment had destroyed the joint tenancy in a parcel of real property and had created a tenancy in common when the judgment provided that the property would be immediately placed on the market for sale and that, until it was sold, the husband and the wife would remain in joint possession of the property. Similarly, in
 
 Kirven v. Reynolds,
 
 536 So.2d at 938, the Alabama Supreme Court held that a divorce judgment had destroyed the joint tenancy and had created a tenancy in common when the divorce judgment provided that certain real property would be sold when the parties’ minor child reached the age of majority, marries, or becomes self-supporting, or when the wife remarried, and that the parties would equally divide the proceeds from the sale. In that ease, our supreme court stated that the parties “terminated the survivorship aspect of the tenancy by providing for equal division of the proceeds upon sale.”
 
 Id.
 

 In this case, the language of the divorce judgment is similar to the language of the divorce judgments in
 
 Watford, Malone,
 
 and
 
 Kirven.
 
 The separation agreement that was incorporated into the divorce judgment provided that the property would be sold “in a commercially reasonable manner,” that the parties would equally divide the proceeds from the sale, that Shannon would have an exclusive right to possession of the property, and that Henry or the family business would pay the mortgage payments until the property was sold. The parties clearly provided for the sale of the property and for the equal division of the proceeds of the sale. Therefore,- as in
 
 Watford, Malone,
 
 and
 
 Kirven,
 
 the separation agreement incorpo
 
 *721
 
 rated into the divorce judgment demonstrated the parties’ intent to terminate the joint tenancy and to hold the property as tenants in common.
 

 Shannon argues that the divorce judgment did not destroy the joint tenancy because, she says, the judgment states that the property shall “remain in joint ownership.” However, the use of the phrase “joint ownership” is not inconsistent with a tenancy in common.
 
 See Porter v. Porter,
 
 472 So.2d 630, 634 (Ala.1985) (“The decree refers to the property as ‘jointly owned’ and the parties as ‘joint owners.’ These are the only attempts by the court to characterize the cotenancy in common law terms. The term ‘jointly’ is consistent with either a joint tenancy or a tenancy in common.”). Shannon also places much emphasis on the use of the word “remain” in the divorce judgment, arguing that the use of that word demonstrates that the parties intended for the joint tenancy to continue. However, Shannon’s reliance on the word “remain” is also misplaced. In the context- of the divorce judgment, the word “remain” merely shows an intent for both parties to retain an ownership interest, an interest that is not inconsistent with a tenancy in common.
 
 See Malone,
 
 543 So.2d at 1192 (holding that the joint tenancy was destroyed when the divorce judgment stated that the husband and the wife “shall be allowed to remain in joint possession”). Therefore, Shannon’s argument is without merit.
 

 Conclusion
 

 Because we hold that the divorce judgment terminated the joint tenancy in the property and created a tenancy in common,
 
 [3]
 
 we reverse the trial court’s summary judgment in favor of Shannon and remand the cause for further proceedings consistent with this opinion.
 

 REVERSED AND REMANDED.
 

 THOMPSON, P.J., and PITTMAN, BRYAN, and MOORE, JJ., concur.
 

 [1]
 

 . In addition to Shannon, Jones named five other defendants. None of those defendants answered Jones’s complaint. The trial court entered a default judgment against those defendants.
 

 [2]
 

 . Jones also argues that the trial court erred in denying her motion for a summaiy judgment. However, the denial of a summary-judgment motion is not an appealable order. The Alabama Supreme Court has held:
 

 "[Tjhis Court will not entertain the attempted appeal of a denial of a motion for a summary judgment. See
 
 Continental Cas. Co. v. SouthTrust Bank, N.A.,
 
 933 So.2d 337, 340 (Ala.2006) (‘Although we will review on the merits the summary judgment for [the appellee], we cannot entertain [the appellant's] attempted appeal of the denial of its own motion for a summary judgment. “ 'Such an order is inherently non-final and cannot be made final by a Rule 54(b) [, Ala. R. Civ. P.,] certification.... An order denying summary judgment is interlocutory and nonappealable.' "
 
 Fahey v. C.A.T.V. Subscriber Servs., Inc.,
 
 568 So.2d 1219, 1222 (Ala. 1990) (quoting
 
 Parsons Steel, Inc. v. Beasley,
 
 522 So.2d 253, 257-58 (Ala.1988)).’).”
 

 Little Narrows, LLC v. Scott,
 
 1 So.3d 973, 976 n. 3 (Ala.2008).
 

 [3]
 

 . Because we hold that the separation agreement incorporated into the divorce judgment terminated the joint tenancy, we pretermit discussion of whether Henry validly conveyed the property to Jones.