BRADLEY, Judge.
This is a petition for writ of certiorari by Grover C. Smith seeking review of an order holding him in contempt for failure to pay alimony. We affirm the order of the trial court.
. The parties were divorced on March 21, 1978. The decree provided for permanent alimony to be paid by the husband in the amount of $100.00 per week.
On August 30, 1978 the husband filed a motion to divide property between the parties. The wife answered by filing a cross-motion for a rule nisi, alleging that the husband had failed to make payments of alimony as ordered in the divorce decree and was $994.50 in arrears. The husband filed an answer and motion to modify, requesting a reduction in alimony payments from $100.00 per week to $25.00 per week.
On November 8, 1978 the trial court entered an order providing for the purchase by the husband of the wife’s half of property owned jointly by husband and wife. The court further denied the husband’s motion to modify and ordered that the husband be found in contempt.
The wife filed an affidavit with the trial court on January 26, 1979 alleging that the husband had failed to comply with the order to pay alimony. The husband then filed an answer denying his obligation to pay alimony and denying that he was in contempt because the trial court’s order was based on an unconstitutional statute. Subsequent to the husband’s answer, the trial court held the husband’s contempt hearing. After hearing the testimony and evidence, the trial court ruled that the constitutional issue had not been raised at the proper time and adjudged the husband to be in contempt.
It is well settled that this court will not consider constitutional questions which were not raised in the court below. Smith v. State Department of Pensions and Security, Ala.Civ.App., 340 So.2d 34 (1976). A review of the record indicates that the husband raised the constitutional issue in his answer to the wife’s affidavit and that this was prior to the husband’s contempt hearing. We think this is sufficient to raise the constitutional issue in the trial court so that we might consider it on appeal.
The husband argues that he cannot be required to pay alimony under an unconstitutional statute, and cites Orr v. Orr, 440 U.S. 268, 99 S.Ct. 1102, 59 L.Ed.2d 306 (1979). We have previously decided this issue. On remand of Orr we held the statute constitutional and preserved the wife’s right to alimony under the alimony statute by neutrally extending alimony rights to needy husbands as well as wives. Orr v. Orr, Ala.Civ.App., 351 So.2d 904, cert. quashed, Ala., 351 So.2d 906 (1977), rev’d. 440 U.S. 268, 99 S.Ct. 1102, 59 L.Ed.2d 306, aff’d. on remand, Ala.Civ.App., 374 So.2d 895, cert. den., Ala., 374 So.2d 898 (1979). Moreover, in Hughes v. Hughes, Ala.Civ. App., 372 So.2d 845, cert. den., Ala., 372 So.2d 846, we said:
[T]he decision of the trial court [should] be affirmed, particularly in view of the fact that the husband did not request an award of alimony, nor did he demonstrate a need for alimony; whereas the wife amply demonstrated her need for alimony and the husband’s ability to respond to that need.
In the case sub judice, Mr. Smith has not shown that he is the party in need and that he is not capable of rendering Mrs. Smith support. On the other hand, Mrs. Smith has shown us her financial need.
Prior to submission of this appeal, the court was informed by the husband’s attorney that the wife died on November 6,1979. Pursuant to Rule 43(a), ARAP, this court ordered the appeal to be continued on for decision as if the appellee had not died. Accordingly, the trial court’s judgment is affirmed.
*1136 In brief the attorney for appellee has requested that he be awarded an attorney’s fee for the representation he has given appellee on appeal. We conclude that $500 is a reasonable amount for such services and hereby award such amount to the attorney for appellee. Sec. 30-2-54, Code of Alabama 1975.
ATTORNEY’S FEE AWARDED.
AFFIRMED.
WRIGHT, P. J., and HOLMES, J., concur.