The parties are former husband and wife. Plaintiff/husband brought suit for declaratory relief, seeking a declaration that the property settlement signed pursuant to divorce divested his ex-wife of her interest in certain property jointly acquired during their marriage. Husband makes no claim of misrepresentation or mutual mistake. His brief characterizes his action: "The instant proceedings involved the construction to be given to a divorce settlement agreement entered into between the [parties]. . . ." From the circuit court's decree, holding that wife retained her interest, husband brings this appeal.
 THE FACTS
After having once been married and divorced, the Radiolas entered into a second marriage in 1971. In 1975, through two separate transactions, they purchased the property — the subject of this action — known as the Twin Beach Road property. In 1977, the Radiolas again separated and began divorce proceedings. Appellee/wife submitted two rough drafts of a property settlement agreement to her husband culminating in a final document signed by the parties and incorporated in the divorce decree.
The first draft, rejected by Appellant/husband, proposed that the Twin Beach Road property remain in the names of both parties and that upon its sale the proceeds would be divided equally between them. The second draft deleted the provision concerning the Twin Beach Road property and substituted instead a paragraph authorizing the wife's use of her husband's Colony property until such time as she purchased a new home. The second draft, which was accepted by the husband, and made a part of the final decree, also contained a provision declaring it to be a "full and complete property settlement between the parties."
 APPELLANT'S CONTENTIONS
The husband argues that the effect of the final settlement agreement together with the circumstances under which it arose is such as to have divested Appellee of her interest in the Twin Beach Road property. He points out that his specific rejection of his wife's first proposal respecting the Twin Beach Road property resulted in the deletion of this provision and the substitution of the one pertaining to his wife's use of the Colony property as contained in the final settlement agreement. Thus, he contends, his wife gave up her interest in the Twin Beach Road property in return for her use of the Colony property which constituted an "integrated bargain" such as is described in DuValle v. DuValle, 348 So.2d 1067
(Ala.Civ.App. 1977).
 APPELLEE'S CONTENTIONS
The divorce agreement nowhere addresses itself to a determination or disposition of the parties' interest in the Twin Beach Road property. DuValle, cited by Appellant, is inapposite to the present case and pertains to the right of a wife to modify alimony payments established in a divorce agreement. The modes of conveyance of an interest in real property, says the wife, are well established in Alabama law. In the absence of a deed of conveyance or an assignment, she could not have divested herself of her interest in the property.
 THE DECISION
We acknowledge that the husband's argument is not without some force of persuasion. If, as the husband contends, he rejected the wife's first proposal because it was unfairly "loaded" in the wife's favor respecting the Twin Beach Road property, it is reasonable to assume that he would not *Page 819 
have signed the second agreement giving her temporary use of his Colony property (not contained in the first proposal) and leaving the subject property unsettled — the same as initially proposed. Admittedly, there is an appreciable degree of logic in the husband's position: If he would not execute the first settlement agreement to allow title in the subject property to remain in their joint ownership, why would he later agree to this same result and, in addition, grant her an interest in other property not mentioned in the first proposal? To accept the wife's interpretation, says the husband, is to conclude that he knowingly and willingly executed an agreement less favorable to himself than a former proposal that he had earlier rejected.
Despite the persuasiveness of the husband's argument, however, it is not without its difficulties. Perhaps no rule of law is more settled than the proposition that real property cannot be conveyed by implication. The rule is stated inReynolds v. Trawick, 201 Ala. 449, 78 So. 827 (1918):
 "Only through estoppel, adverse possession, or conveyance (will, deed, or mortgage), aside from the processes of government, can an unqualified title in fee, once vested, be divested." 201 Ala., at 451, 78 So. at 829.
Moreover, the apparent logic of the husband's contention bears an additional weakness. Notwithstanding the "full and complete property settlement" provision, the agreement's total silence regarding the Beach Road property does not lend itself more favorably to one party than to the other. In other words, each of the parties entered the negotiations, which culminated in the final agreement, owning a one-half undivided interest in the property. When the executed agreement made no mention thereof, the legal title therein remained unchanged.
Indeed, the "complete property settlement" provision does not have the operative effect of aiding the husband's position. The absence of any reference to a particular item or parcel of property does not render the settlement agreement incomplete; it merely leaves title to such property unaffected by the agreement.
We find no error in the trial Court's order holding that Patricia Ann Radiola retained her one-half undivided interest in the property.
AFFIRMED.
TORBERT, C.J., and MADDOX, SHORES and BEATTY, JJ., concur.