SHORES, Justice.
A judgment of divorce was rendered in this case between the parties on March 21, 1978. As to real property owned by the parties the court ordered as follows:
“It is further ORDERED, ADJUDGED AND DECREED by the court that the court hereby awards to the Plaintiff [wife] the homeplace of the parties located at 2303 Boykin Boulevard subject .to any liens, mortgages, or encumbrances due thereon and orders that the Defendant [husband] shall convey all of his rights, title and interest in and to said real property to the Plaintiff subject to any liens, mortgages or encumbrances due thereon.

“It is further ORDERED, ADJUDGED AND DECREED by the court that the court hereby awards to the Defendant the lot on the river in the State of Mississippi and orders that the Plaintiff shall convey all of her rights, title and interest in and to said lot in Mississippi to the Defendant. The court further awards to the Plaintiff the burial lots belonging to the parties.
“It is further ORDERED, ADJUDGED AND DECREED by the court that the court awards to the Defendant the house located at Tillman’s Corner on Old Pasca-goula Road and McDonald Streets which is presently in the sole name of the Defendant and further awards to the Defendant the house located on Dog River *810 in Theodore which is solely in the name of the Defendant, both said pieces of property being awarded to the Defendant subject to any liens, mortgages or encumbrances due thereon.

“The court is conscious that the real property on which the business is presently located is in the joint names of both the Plaintiff and the Defendant. The court is further conscious that the business is presently operated by the Defendant. The court hereby awards to the Defendant the said business together with inventories and other assets and liabilities of the said business. The court anticipates that if the Defendant continues to operate the said business in the present location, that arrangements will be made for the payment of rent to the Plaintiff by the Defendant.”
On August 30, 1978, the husband filed a motion with the trial court alleging the following:
“MOTION TO DIVIDE PROPERTY BETWEEN PARTIES
“Comes now the Defendant, Grover C. Smith in the above styled cause and moves this Honorable Court to divide the real estate located at 2500 Dauphin Island Parkway, Mobile, Alabama, between the parties and for reason therefor says as follows:
“1. This Honorable Court entered a judgment of divorce on the 21st day of March, 1978, in which the court left said real estate in the joint names of both the Plaintiff and the Defendant.
“2. The Defendant alleges that he has attempted to purchase the Plaintiff’s interest in said property and has offered her $30,000.00 which Defendant alleges is a fair and equitable sum for Plaintiff’s interest therein, but has been unable to conclude the matter between the parties.
“3. Defendant alleges that it is to the best interest of the parties that the property be sold for division or that he be allowed to purchase the plaintiff’s interest therein as the property cannot be equitably divided between the parties.
“WHEREFORE, Defendant moves this Honorable Court to order the property sold for division between the parties, or in the alternative that the Court allow him to purchase the plaintiff’s interest in the property for a fair sum and Defendant prays for such other and further relief as he may be entitled, in the premises.”
On November 8, 1978, the trial court entered the following order:
“This cause coming on to be heard this day on motion to divide property between parties and motion to modify as filed by the above Defendant and on motion for rule nisi as filed by the above Plaintiff; both parties appearing in Court with counsel, and the Court being informed of an agreement of the parties relative to the motion to divide property, therefore, upon consideration, it is ORDERED, ADJUDGED AND DECREED by the court that the agreement of the parties is hereby ratified and affirmed and the court orders as follows:
“1. That the Defendant shall pay to the Plaintiff the sum of $30,000.00 for her interests in the real property known as the business and the adjacent warehouse thereto and that the parties shall cooperate with each other and with Mr. Vance for the sale of the other warehouse and that the proceeds from the sale of the other warehouse shall be divided equally between the parties after the payment due to Mr. Vance, with interest, has been paid.
“2. That in the event the Plaintiff fails to issue the necessary deed to the Defendant upon the tender of the said $30,000.00, then the court will allow the monies to be paid into the office of the Register of this Court and the Register is empowered and authorized to execute the necessary deed, upon an affidavit and legal description thereof being furnished to the Court.
“It is further ORDERED, ADJUDGED AND DECREED by the court that in the event the Defendant fails to pay to the *811 Plaintiff, within a reasonable length of time, the said monies for her interest in the real property, as hereinabove ordered, then the Court will consider appointing a Commissioner to sell the property, either at a public or private sale, upon a proper affidavit being presented to the Court.
“Dated, November 8, 1978.
“It is further ORDERED, ADJUDGED AND DECREED by the court that the motion to modify filed by the Defendant, be and hereby is denied; and that the Defendant shall continue payments as previously ordered in the sum of $100.00 per week, as alimony, and that all payments of support shall be paid through the office of the Accounts Clerk of this Court, together with all commission due thereon as required by law.
“It is further ORDERED, ADJUDGED AND DECREED by the Court that the Defendant, be and hereby is held in contempt of the orders of this Court, but is allowed to purge himself from said contempt by paying the sum of $400.00 within thirty (30) days of this date, in addition to paying his regular weekly payments as previously ordered by the Court, into the office of the Accounts Clerk, plus commission due thereon as required by law; and, in the event the Defendant misses three (3) consecutive weekly payments of support, then a writ of arrest shall be issued, upon an affidavit of non-compliance being filed, subject to a cash bond in the sum of $1,000.00; and, further that the Defendant shall make a payment of at least $100.00 by this Friday, November 10th, 1978.
“It is also further ORDERED, ADJUDGED AND DECREED by the Court that the costs having been prepaid in this matter, that no costs are due to be taxed herein.
“S/Michael E. Zoghbv
“MICHAEL E. ZOGHBY, “CIRCUIT JUDGE”
Several attempts to collect alimony were made by the plaintiff and one of the post-trial orders was reviewed in Smith v. Smith, 378 So.2d 1134 (Ala.Civ.App.1979). The plaintiff died on November 6, 1979, while the case was pending in the appellate court.
On motion, the daughter of the parties was substituted as the executrix of the estate of plaintiff, and on July 3, 1980, a motion was filed, seeking to collect an ar-rearage of periodic alimony and also to enforce the provisions of the order of the court of November 8, 1978, concerning the conveyance and sale of the jointly-owned real property.
A hearing was held on this motion, and an order was rendered on December 17, 1980, setting the periodic alimony arrearage at $3,655.50, awarding a judgment in the sum of $30,000.00 against the defendant with interest at 8% from May 8, 1979, and directing that the warehouses referred to in the order of November 8, 1978, be sold and one-half the proceeds be paid to the plaintiff.
The defendant/husband filed a motion for rehearing. After a hearing, the trial court entered an order dated April 10, 1981, holding in pertinent part:
“In regards to the other matters raised in the above mentioned motion, the Court notes that in the original Judgment of Divorce entered in this cause dated March 21, 1978, the Court stated:
‘The Court is conscious that the real property in which the business is presently located is in the joint names of both the Plaintiff and Defendant. The Court is further conscious that the business is presently operated by the Defendant. The Court hereby awards to the Defendant the said business together with inventories and other assets and liabilities of the said business. The Court anticipates that if the Defendant continues to operate the said business in the present location, that arrangements will be made for the payment of rent to the Plaintiff by the Defendant.’
“In the Divorce Decree, therefore, the Court left the business property in the joint names of both the Plaintiff and the Defendant as provided for in the original deeds to said property. The Defendant *812 filed the motion in Court to divide the property between the parties and modify the original decree and said motion, together with the motion for rule nisi filed by the Plaintiff, was set for hearing on November 8, 1978, at which time the Court issued its order on the said date. The Court confirmed the agreement between the parties whereby the Defendant was to pay the Plaintiff the sum of $30,-000.00 for her interest in the real property known as the business and the adjacent warehouse thereto, among other things, and the Court further stated in its said order:
‘It is further ORDERED, ADJUDGED and DECREED by the Court that in the event the Defendant fails to pay to the Plaintiff, within a reasonable length of time, the said monies for her interest in the real property, as hereinabove ordered, then the Court will consider appointing a Commissioner to sell the property either at a public or private sale, upon a proper affidavit being presented to the Court.’
“The facts reveal that the Defendant did not, in fact, pay the Plaintiff the said $30,000.00 and, therefore, no deed was ever conveyed to the Defendant for the said property, nor did either party file ‘a proper affidavit’ with the Court seeking the assistance of the Court for the sale of the property at public or private sale.
“It would, therefore, appear that since title to the property was to pass from the Plaintiff to the Defendant upon the payment of $30,000.00 and that this condition precedent to the passing of title did not occur, nor did the Court order the property be sold by a Commissioner, as provided for in the Order in the event the Defendant did not pay the Plaintiff, it would, therefore, appear that title to said property remained as provided for in the original deeds to the property in the light of the death of the Plaintiff, Dean Smith.
“It is, therefore, ORDERED, ADJUDGED and DECREED by the Court that the prayer of the Plaintiff that the Court award a Judgment to her against the Defendant in the amount of $30,-000.00 with interest thereon, be, and hereby is denied.”
Was the trial court correct in holding that title to the property remained as provided for in the original deed? This turns on the effect of the court’s decree of November 8, 1978. This is the only issue presented on this appeal.
Ala.Code 1975, § 35-6-20, confers jurisdiction on the circuit courts to divide or partition or sell for division any property held by joint owners or tenants in common. By his petition seeking the sale for division or, in the alternative, an order allowing him to purchase his former wife’s interest in the jointly-held property, Mr. Smith invoked the court’s jurisdiction. Under the authority of Nunn v. Keith, 289 Ala. 518, 268 So.2d 792 (1972), by which this case is governed, the interests of the joint owners under a deed containing rights of survivorship are salable without the acquiescence of the joint owner. The court order of November 8, 1978, ordered the husband to pay his former wife $30,000.00 for her interest in the property and ordered her to execute a deed conveying that interest to her former husband. This order destroyed the surviv-orship feature of the tenancy and the joint tenants became tenants in common. Either was entitled to have the order enforced and, upon the death of the wife, her personal representative was entitled to have the order enforced. The trial court erred in refusing enforcement of the November 8, 1978, order. The trial court mistakenly characterized the payment of the purchase price as a condition precedent which did not occur. The court ordered the husband to pay that amount as consideration for the wife’s interest in the property. Had the exact provision been incorporated in a contract for the sale of the land, either party would have been entitled to specific performance of the contract, the husband upon tendering the purchase price and the wife upon tendering a deed.
We hold that the order of November 8, 1978, is clear and unambiguous and fixed the rights of the parties to the land in *813 volved. It destroyed the survivorship interest of both parties and, upon the death of the wife, her interest, that of tenant in common, descended to her heirs and not to the husband, subject, however, to the interest created in the husband by the order, i.e., his right to enforce the order by paying the $30,000.00 purchase price.
The judgment appealed from is reversed, and the cause is remanded.
REVERSED AND REMANDED.
TORBERT, C. J., and MADDOX, JONES and BEATTY, JJ., concur.