Husband seeks review of the order granting wife's Rule 60 (b), Alabama Rules of Civil Procedure, motion.
The parties were divorced on December 4, 1981, ending a forty-year marriage. The decree provided that the parties were divorced but made no disposition of the parties' property, nor did it provide the wife any alimony.
On October 18, 1982 the wife filed a petition seeking a partition of the parties' real and personal property. She alleged that during the marriage the parties had acquired 781 acres of land, of which 678 were jointly owned, and approximately 103 acres were in the name of the husband only.
The husband answered the wife's petition by denying most of its allegations, and *Page 248 
then filed a counterclaim in which he asked for modification of the divorce decree pursuant to Rule 60 (b)(6), A.R.Civ.P. This counterclaim sought to have the divorce decree modified to obtain a division of the parties' property.
On August 29, 1983 the wife filed an answer to the husband's counterclaim. She stated that the divorce action should not be reopened to modify the decree because the husband had not produced any evidence which was not available to him prior to the trial of the divorce action.
Thereafter, the court appointed an appraiser to determine the amount of acreage owned by the parties and to assess the value thereof.
After the appraisal was completed, the court held a hearing to review the evidence. Thereafter, on December 18, 1983, the court entered a final judgment granting the husband's counterclaim and ordering that the original divorce decree be reopened and modified to provide for an equitable division of the property of the parties pursuant to Rule 60 (b)(6). As a result of this order, the husband was awarded a total of 543 acres and the wife was awarded a total of 242 acres.
On April 1, 1985 the wife filed a motion to have the 1983 final judgment set aside. In addition to other allegations, the wife alleged that the judgment was void because the trial court did not have the authority to reopen and modify the divorce decree to make a property division. She also alleged that she had been misled as to the terms of the 1983 judgment and was without full understanding of the terms contained therein.
After hearing ore tenus evidence, the court granted the wife's motion, ordering that the 1983 order be set aside. It is from this order that the husband appeals. The husband has also filed a petition for mandamus and asked this court to determine which method of review is proper.
The general rule is that a judgment granting a Rule 60 (b) motion is interlocutory and not appealable. Ex parte Short,434 So.2d 728 (Ala. 1983). We have previously held, however, that "when the motion to set aside is granted upon the ground that the original judgment was void for want of jurisdiction or authority, the grant of the motion finally disposes of the case and should be appealable." Littlefield v. Cupps, 371 So.2d 51
(Ala.Civ.App. 1979) (citation omitted). As such, the decision of the trial court will be disturbed only if it was a product of abuse. Marsh v. Marsh, 338 So.2d 422 (Ala.Civ.App. 1976).
In the instant case the final order granting the 60 (b) motion does not state the grounds upon which relief was granted. However, several grounds were raised in the motion itself, and if one of those grounds supports the court's order it will be upheld. Boles v. Hooper McDonald, Inc.,424 So.2d 634 (Ala.Civ.App. 1982).
One of the asserted grounds for Rule 60 (b) relief was that the 1983 judgment was void for lack of jurisdiction. Our task is to determine if this is so.
As noted above, the original divorce decree made no disposition of the parties' property, nor did it reserve any authority to do so at a later date. In other words, the case had been completely disposed of and was no longer pending in the trial court.
Approximately ten months after the parties were divorced, the wife filed a petition with the trial court seeking a partition of the parties' property. The husband then answered the petition and filed a counterclaim seeking a Rule 60 (b)(6) modification of the original decree to have the parties' property divided. Pursuant to this counterclaim, the original divorce decree was reopened and modified to provide for the distribution of the parties' property.
Property settlements between the parties to a divorce action are not subject to modification after the expiration of thirty days. Failure to invoke the court's jurisdiction in a divorce proceeding to dispose of the parties' property precludes a later petition to modify the divorce decree so as to divide the parties' property. Parr v. Parr, *Page 249 423 So.2d 229 (Ala.Civ.App. 1982). Moreover, when a divorce decree is granted without any mention of the division of the parties' jointly owned property, each party retains the same right, title, claim, or interest therein which they held prior to the divorce. In essence, when the trial judge does not alter ownership that, in and of itself, disposes of the issue, and title to the property is left undisturbed by the judgment.Dominex, Inc. v. Key, 456 So.2d 1047 (Ala. 1984); Coffelt v.Coffelt, 390 So.2d 652 (Ala.Civ.App. 1980).
Based on the above cited cases, we conclude that the trial court was without authority to reopen the divorce case to order a property division; hence the 1983 modification order was void for lack of subject matter jurisdiction. Thus, the 1985 order setting aside the 1983 order was proper. However, the right to partition in a separate action remains.
Pursuant to Littlefield v. Cupps, supra, the 1985 order is an appealable order and it is affirmed.
Mandamus will not lie where the remedy is by an appeal.Echols v. Housing Authority of Auburn, 377 So.2d 952 (Ala. 1979). Since we have determined that appeal is the appropriate remedy in this case, the petition for the writ of mandamus is dismissed.
PETITION DISMISSED.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.