INGRAM, Judge.
This appeal involves the disposition of certain real property held under a joint tenancy with right of survivorship deed. The trial court held that a settlement provision of a previous divorce decree severed the joint tenancy with right of survivorship and converted the estate into a tenancy in common.
Husband (now deceased) and wife took title to the property in question under a joint tenancy with right of survivorship deed. In 1984, the parties were divorced, and the following agreement in pertinent part was incorporated into the final divorce decree:
“3. The parties hereto own jointly a house and acreage located at Route 3, Hartselle, Alabama, upon which there is an outstanding first mortgage owed to First Federal Savings and Loan Association of Decatur and an outstanding second mortgage owed to Jeannie Condo. Said property shall immediately be placed on the market for sale and, after all commissions and other expenses of said sale have been paid, the Husband shall receive up to the first $10,000.00 of the net proceeds and all net proceeds over said amount, should there be any, shall be paid to the Wife.
“Until said property is sold, both the Husband and the Wife shall be allowed to remain in joint possession of said property and each will pay one-half of the mortgage payment to First Federal Savings and Loan Association of Decatur and one-half of the mortgage payment to Jeannie Condo.
“In the event the parties are not able to mutually agree upon a sales price for said real estate, either party may petition the Court and request that the Register of the Morgan County Circuit Court, by reference, determine and establish a reasonable sales price for said property.”
The record reveals that the husband died on March 4, 1985, and at that time the property had not been sold pursuant to the above provision. The wife thereafter took possession of the premises and has continued to pay the mortgage payments on the property. The husband’s estate then commenced this action by filing for declaratory judgment and resulting trust.
The dispositive issue on appeal is whether the divorce decree destroyed the joint tenancy with right of survivorship in the real estate in question.
At the outset, we note that perhaps no rule of law is more settled than the proposition that real property cannot be conveyed by implication. Radiola v. Radiola, 380 So.2d 817 (Ala.1980). Further, a divorce decree does not necessarily sever a joint tenancy, Porter v. Porter, 472 So.2d 630 (Ala.1985), and although divorcing parties usually want to settle all of their property rights, there is no requirement that the divorce modify the previous ownership. A divorce decree which is silent with respect to property held jointly with right of survivorship does not automatically destroy the existing survivorship provision. Porter, supra.
Here, the agreement expressly recognizes that the husband and wife own jointly the house and land which is subject to this appeal. The agreement did provide for the property to be sold; however, it also stated that the parties would be allowed to remain in joint possession of the property until the property was to be sold. It would appear to this court that, had the parties intended to sever the joint tenancy with right of survivorship, they could have expressly provided for such in the agreement. To hold that the divorce decree severed the joint tenancy in this case would be to convey the property by implication and, as stated above, this cannot be done. Radiola, supra. Here, the divorce decree is *1190 effectively silent as to the status of the property. Therefore, the divorce decree did not destroy the joint tenancy with right of survivorship and create a tenancy in common, and the trial court erred in ordering the property to be sold and the proceeds divided. Consequently, the property vested by operation of law in the wife upon the death of her joint tenant (husband) free and clear of any interest by the husband’s estate. Further, we would note that the benefit from the husband’s insurance policy which was payable to the mortgage company would simply inure to the wife, as she is now the sole owner of the property. Therefore, the husband’s estate would have no interest in the proceeds of this policy.
The order of the trial court is therefore reversed and remanded with instructions to enter an order not inconsistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
BRADLEY, P.J., and HOLMES, J., concur.