This is a divorce case.
Bessie Montgomery Garrett (wife) and William J. Garrett (husband) were married on October 19, 1980. On November 12, 1985 the wife filed for divorce in the Circuit Court of Baldwin County. Divorce was granted February 19, 1987. Postjudgment motions were denied. The wife appeals.
Prior to the marriage the husband resided in Mississippi and met the wife while doing construction work in Baldwin County. Subsequent to the marriage the parties resided in the house owned and previously *Page 1338 
occupied by the wife. The parties separated, and the wife filed for divorce on the ground of incompatibility of temperament. The wife's petition included a claim for the return of certain items of personal property and large amounts of cash allegedly taken by the husband. In addition, the wife sought payment of a promissory note made payable to her by the husband and alimony.
The husband counterclaimed seeking an equitable share of the marital property, alimony, and possession of personal property belonging to him prior to and during the marriage. He further sought $37,500 as the reasonable value for services which he performed for the wife on the marital home, a rental house located nearby, and the maintenance of the properties. The husband also sought to recover for damage done to his boat and the storage fees owed on said boat. The evidence was presented ore tenus and the court rendered the divorce decree on February 19, 1987.
The first contention made by the wife is that certain aspects of the trial court's decree are ambiguous and, therefore, that those aspects of the decree are unenforceable.
More specifically, the wife contends that the trial court in its decree erred in finding that the husband had not taken any money from her and in failing to dispose of her claims as they related to the money owed to her and the property belonging to her. She says that the court failed to say what, if any, money was owed to her by the husband. She also says that the court failed to dispose of an automobile jointly owned by the parties.
Judgments and decrees of courts are to be construed as are other written instruments, and the legal effect of each must be determined in the light of the literal meaning of the language used. Wise v. Watson, 268 Ala. 22, 236 So.2d 681 (1970). When the terms of the decree are not ambiguous, they should be given their usual and ordinary meaning. McClure v. Cassady,426 So.2d 430 (Ala.Civ.App. 1982).
The particular aspect of the trial court's decree in question here is as follows:
 "Bessie Garrett's claim for money taken by William Garrett is decided in favor of William Garrett and Bessie Garrett shall receive no monies in respect to that portion of her claim."
There is considerable testimony in the record, although in sharp dispute, that the husband took a large sum of money belonging to the wife and did not return it to her. Additionally, there was considerable testimony that the husband had failed to repay to the wife money that he had borrowed from her. This evidence was also in sharp dispute.
It is clear to this court that the trial court in the above cited provision of its decree decided that the husband had not kept any money that he had taken from the wife that he should have returned to her, and there is evidence in the record to support this conclusion. For example, there is testimony in the record from several witnesses that the husband returned the money that he took from the wife's house. The trial court, in this aspect of the decree, clearly decided that the wife's claim against the husband was not supported by the evidence. No ambiguity here.
It is also apparent to this court that the trial court did not decide whether the husband still owed the wife money he had borrowed from her. Also the decree does not decide the title to the Cadillac automobile jointly owned by the parties.
 "[W]hen a divorce decree is granted without any mention of the division of the parties' jointly owned property, each party retains the same right, title, claim, or interest therein which they held prior to the divorce. In essence, when the trial judge does not alter ownership that, in and of itself, disposes of the issue, and title to the property is left undisturbed by the judgment."
Hocutt v. Hocutt, 491 So.2d 247 (Ala.Civ.App. 1986).
In view of Hocutt, the failure of the trial court to specifically dispose of the joint ownership of the Cadillac automobile and *Page 1339 
the wife's claim that husband owed her a sum of money effectually disposed of these issues. In other words, the parties, as to these two issues, are in the same position after the decree as they were before the decree. Consequently, the failure to decide an issue in the decree does not make the decree ambiguous.
Wife's remaining issue is that the trial court abused its discretion in the division of the parties' property.
The trial court decreed that the wife was to retain title to all of the real property owned by her in the state of Alabama prior to the marriage and the husband was to retain title to all real property owned by him in the state of Mississippi prior to the marriage. The husband was also given title to a boat located in Baldwin County, Alabama and certain certificates of deposit.
In divorce cases division of property is a matter within the sound discretion of the trial court. Scudder v. Scudder,485 So.2d 743 (Ala.Civ.App. 1986). This division need not be equal but, rather, equitable according to the nature of the case. Isham v. Isham, 464 So.2d 109 (Ala.Civ.App. 1985). The court may consider such factors as the source of the common property, the age, health, and sex of the parties, future prospects, stations in life, and the length of the marriage.Lutz v. Lutz, 485 So.2d 1174 (Ala.Civ.App. 1986). When the evidence is presented ore tenus, as here, it is presumed to be correct and the court's judgment will not be altered absent a showing that the trial court was palpably wrong and thus abused its discretion. Scudder, supra.
The evidence in the case at bar was in sharp dispute and it was incumbent upon the trial court to resolve the disputes.Hawkins v. Hawkins, 470 So.2d 1283 (Ala.Civ.App. 1985). The court did resolve the disputes in the manner outlined above and, in view of the six-year marriage and the future prospects of the parties, we cannot say that the trial court erred in its disposition of the parties' property. The trial court allowed each party to retain practically all of the property each owned prior to the marriage. Each party's property was valued in the hundreds of thousands of dollars.
The decree of the trial court is affirmed.
AFFIRMED.
HOLMES and INGRAM, JJ., concur.