MADDOX, Justice.
This case presents once again the question of when and under what circumstances a joint tenancy, with right of survivorship, can be severed. The specific question is whether a divorce judgment ordering the immediate sale of jointly owned property, pursuant to a property settlement agreement, was effective to sever the joint tenancy.
Even though the court ordered the property sold immediately, it was not, and the former husband died before it was sold. *1191 The former wife claimed that the joint tenancy had not been severed and, therefore, that she was the sole owner of the property. The trial judge disagreed with her and ruled in favor of the former husband’s administrator. The Court of Civil Appeals reversed. 543 So.2d 1188. We granted certiorari, and we reverse and remand the case to the Court of Civil Appeals.
FACTS
Franklin and Frances Malone purchased the property during their marriage in 1981. They divorced in 1984. Their divorce judgment incorporated a property settlement agreement. The provision of that agreement that forms the basis of this lawsuit reads as follows:
“3. The parties hereto own jointly a house and acreage located at Route 3, Hartselle, Alabama, upon which there is an outstanding first mortgage owed to First Federal Savings and Loan Association of Decatur and an outstanding second mortgage owed to Jeannie Condo. Said property shall immediately be placed on the market for sale and, after all commissions and other expenses of said sale have been paid, the Husband shall receive up to the first $10,000.00 of the net proceeds and all net proceeds over said amount, should there be any, shall be paid to the Wife.
“Until said property is sold, both the Husband and the Wife shall be allowed to remain in joint possession of said property and each will pay one-half of the mortgage payment to First Federal Savings and Loan Association of Decatur and one-half of the mortgage payment to Jeannie Condo.
“In the event the parties are not able to mutually agree upon a sales price for said real estate, either party may petition the Court and request that the Register of the Morgan County Circuit Court, by reference, determine and establish a reasonable sales price for said property.”
Mr. Malone died in 1985. Neither party had taken any action to sell the property. Because the property had not been sold, Mrs. Malone took the position that she, as survivor of the two joint tenants, was the sole owner of the property. She occupied the premises and made the mortgage payments on the property. (Mr. Malone had occupied the premises from the date of the divorce until his death.) The administrator of Mr. Malone’s estate instituted this action, seeking a declaratory judgment and asking that a resulting trust be declared. The administrator claimed that the settlement provision operated to sever the joint tenancy and created a tenancy in common between the parties, so that the estate owns a one-half undivided interest in the property, free of the survivorship claims of Mrs. Malone.
The trial court agreed with the administrator that the joint tenancy was severed and that a tenancy in common was created between the parties. He ordered that the property be sold and the proceeds divided (after satisfaction of the two mortgages and payment of costs and expenses of the sale and $10,000 to the husband’s estate). The Court of Civil Appeals reversed, holding that the judgment did not sever the joint tenancy because it was “silent as to the status of the property,” and declared Mrs. Malone to be the sole owner of the property. The administrator petitioned this Court for review of that court’s decision. We granted the writ to review once again our decisions relating to when and under what circumstances a joint tenancy can be severed.
Our scope of review on certiorari pursuant to Rule 39, Ala.R.App.P., is set forth in Rule 39(k), which states: “The review shall be that generally employed by certiorari and will ordinarily be limited to the facts stated in the opinion of the particular court of appeals.” (Emphasis added.) The Committee Comments to that Rule confirm that “in many instances, [the Supreme Court] can go to the record for a more complete understanding of those features treated in the opinion of a court of appeals.” One of those “instances” is applicable to the case at bar: where the facts are undisputed. Johnson v. State, 287 Ala. 576, 253 So.2d 344 (1971). Accordingly, we have gone to the record to gain “a more complete under *1192 standing,” particularly concerning an insurance policy to which the Court of Civil Appeals referred in its opinion.
During his life, Mr. Malone had purchased a decreasing term insurance policy on his life. He named as beneficiary the holder of the first mortgage, First Federal Savings and Loan Association of Decatur. After his death, the proceeds of the life insurance policy satisfied most, but not all, of the remaining indebtedness to First Federal (holder of the first mortgage).
Because the insurance proceeds satisfied most of the first mortgage, the equity in the property greatly increased. Therefore, upon a sale of the property, more proceeds will be available for distribution than originally contemplated by the divorce judgment. (As stated above, the judgment awarded up to the first $10,000.00 of net proceeds to the husband, and the rest, “should there be any,” to the wife.) The Court of Civil Appeals stated that “the benefit from the husband’s insurance policy which was payable to the mortgage company would simply inure to the wife, as she is now the sole owner of the property.” If the parties were tenants in common at the time of Mr. Malone’s death, of course, the increased equity (resulting from the insurance proceeds) should inure to both parties.
At the outset, we note that a trial court has the power to adjust the ownership of property held jointly by parties to a divorce action. Watford v. Hale, 410 So.2d 885 (Ala.1982); Owens v. Owens, 281 Ala. 239, 201 So.2d 396 (1967). See also Porter v. Porter, 472 So.2d 630 (Ala.1985); Summerlin v. Bowden, 286 Ala. 391, 240 So.2d 356 (1970).
The question presented, however, is not whether a court can deal with jointly held property, but whether the trial court, in ordering the property sold and the proceeds of the sale divided, severed the joint tenancy. Watford v. Hale is instructive on this point, and it is factually similar to the instant case. In that case, a husband and wife acquired title to certain real property as joint tenants with right of survivorship. They later divorced, and their divorce judgment incorporated a property settlement agreement, which stated that “[t]he property ... shall be sold upon the agreement of both parties.” The judgment ordered each party to pay one-half of the mortgage payments and other expenses relating to the property “until such time as the ... property is sold.” Watford, 410 So.2d at 885. Four years later the husband died intestate, and neither party had taken any action toward selling the property. This Court, in a per curiam opinion, held that the property settlement, when read in conjunction with the divorce judgment as a whole, evidenced an intention to sever the joint tenancy with right of survivorship created by the deed. Watford, 410 So.2d at 886. We have examined the settlement agreement and the judgment in Watford, and it could be argued that the property settlement agreement and the judgment in that case was not specific (see Jones, J., dissenting) Watford, 410 So.2d at 888. In the present case, the court, through the divorce judgment, ordered the immediate sale of the property. Clearly, if the Wat-ford judgment evidenced an intention to sever the joint tenancy, then the judgment in the present case evidences a similar intention.
Mrs. Malone asserts that the rule in Radiola v. Radiola, 380 So.2d 817 (Ala.1980), that “real property cannot be conveyed by implication,” is applicable to this case. We disagree. In Radiola, a former husband asked the court to declare that a property settlement agreement had divested his former wife of all of her interest in certain real property. The agreement made no mention of the property. The Court upheld the principle that “real property cannot be conveyed by implication.” Radiola, 380 So.2d at 819. In the instant case, however, the judgment was not silent with respect to the Malone property. In fact, it specifically ordered that it be “immediately placed on the market for sale.”
Mrs. Malone asserts that the judgment evidences an intention not to sever the joint tenancy with right of survivorship because the judgment expressly provides for the parties’ joint possession of the property until its sale. However, “joint possession” *1193 is not inconsistent with a tenancy in common — indeed, unity of possession is the sine qua non of a tenancy in common: “Unlike joint tenancy, tenancy in common is characterized by a single essential unity —that of possession.” 20 Am.Jur.2d Co-tenancy & Joint Ownership § 23 (1965); Van Meter v. Grice, 380 So.2d 274 (Ala.1980).
Both parties direct our attention to Lawley v. Smith, 409 So.2d 809 (Ala.1982). The facts of Lawley are as follows: A husband and wife owned certain real property as joint tenants with right of survivor-ship. The parties were divorced. Their divorce judgment did not purport to affect the estates of the parties. After the judgment was entered, the husband filed a motion to divide the property. Pursuant to the husband’s request, the trial court ordered the husband to purchase his former wife’s interest in the property. The court ordered the former wife to execute a deed to the husband conveying her interest in the property and ordered the husband to pay $30,000.00 in exchange for the deed. The wife died before either of these events occurred. The executrix of the wife’s estate filed a motion to enforce the provisions of the court’s order. The trial court refused to enforce the order, holding that the husband was the sole owner of the property as the survivor of the two joint tenants (thus, that the wife no longer had any interest in the property available for purchase by the husband). We reversed, stating as follows:
“[The] order destroyed the survivorship feature of the tenancy and the joint tenants became tenants in common. Either was entitled to have the order enforced and, upon the death of the wife, her personal representative was entitled to have the order enforced.”
Lawley, 409 So.2d at 812-13. Mrs. Malone contends that Lawley is factually dissimilar to the case at bar. She argues that the order in Lawley “specifically divested the wife of her interest” in the jointly-owned property by requiring her to execute a deed to her former husband. That is a distinction without a difference. In the case at bar, the trial court ordered the immediate sale of the property by both joint tenants. We cannot distinguish the legal effect of the Lawley order from the judgment entered by the trial judge in this case. We find Mrs. Malone’s argument unpersuasive.
We hold that the incorporation of the property settlement into the Malone divorce judgment and the judgment’s direction of an immediate sale operated to sever the joint tenancy with right of surviv-orship. After the entry of the judgment, Mr. and Mrs. Malone owned the property as tenants in common. When Mr. Malone died, Mrs. Malone owned the property as a tenant in common with Mr. Malone’s estate.
The petitioner admits in his brief that the insurance policy on the life of Mr. Malone, although “property,” was not dealt with by the property settlement between the parties at the time of their divorce; and he also admits that the record shows that the premiums on the policy were jointly paid by the husband and wife; but he argues that the trial court could have rightfully concluded that the insurance proceeds were the sole properly of the husband’s estate, since the husband had the right to change the beneficiary on the policy. Petitioner does not challenge that aspect of the judgment that treated the insurance proceeds, which increased the equity in the property, as being jointly owned. He, in fact, admits that the trial court had the authority to determine that the proceeds of the insurance policy, even though not treated in the original judgment, were jointly owned.
Based on the foregoing, we hold that the judgment of the Court of Civil Appeals is due to be reversed and the cause remanded to that court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
TORBERT, C.J., and ALMON, SHORES, BEATTY, ADAMS and HOUSTON, JJ., concur.
STEAGALL, J., dissents.