RICHARD L. HOLMES, Retired Appellate Judge.
Laura G. Wilson filed a complaint for a declaratory judgment, requesting that the trial court determine the ownership of approximately six and one-half acres of real property located in Clarke County, Alabama.
Specifically, Wilson requested that the trial court determine that she owned the subject property in fee simple and that she had the right to convey the same, subject only to the life estate of Norma Wilson (mother-in-law).
Our review of the record reveals the following pertinent facts: It is undisputed that prior to July 31, 1967, David Wilson (David) was the sole owner of the subject property and that Jean W. Butts, David’s wife at the time, had no ownership interest in the subject property prior to July 31, 1967, other than a possible dower interest, simply because she was David’s wife.
A deed, dated July 31, 1967, conveyed the subject property to David’s parents. The July 1967 deed provided the following, in pertinent part:
“THIS INDENTURE, made this the 31st day of July, 1967, between David Wilson and wife, Jean Wilson [now Jean W. Butts], parties of the first part, and B.W. Wilson and wife, [the mother-in-law], parties of the second part, WITNESSETH:
“That the said parties of the first part, in consideration of One Dollar and other valuable considerations, to them paid by said parties of the second part, the receipt whereof is hereby acknowledged, have granted, bargained, sold, and conveyed, and by these presents do grant, bargain, sell, and convey unto the said parties of the second part, the following described tract of land situated, lying, and being in the County of Clarke and State of Alabama, to-wit:
[[Image here]]
“It is the intention of the parties of the first part to convey to parties of the second part a life estate in the above described property and at their death said property will return in fee simple to parties of the first part, their heirs and assigns.
“TO HAVE AND TO HOLD all and singular the above granted premises, together with the appurtenances and every part thereof, unto the said B.W. Wilson and wife, [the mother-in-law], for and during their natural lives and upon their death then the remainder to return to parties of the first part in fee simple.”
The mother-in-law is still alive, but B.W. Wilson is no longer living.
David and Butts were divorced in February 1980. The divorce decree adopted an agreement of the parties, which dealt with the division of property, alimony, and child support. It is undisputed that neither the decree nor the agreement mentioned the subject property.
David married Laura G. Wilson in October 1984. David died in May 1992. Sometime after David’s death, Wilson learned that Butts was claiming an interest in the subject property, based upon the wording of the 1967 deed. Thereafter, Wilson filed the complaint for a declaratory judgment in August 1993.
In January 1994 the mother-in-law conveyed her life estate interest in the subject property to Butts. Wilson does not dispute that Butts has a life estate interest in the subject property, pursuant to the January 1994 deed.
After a hearing the trial court determined that Wilson owned an undivided one-half interest in the subject property and that Butts owned an undivided one-half interest in the subject property, as well as a life estate for the life of the mother-in-law.
Wilson appeals. This case is before this court pursuant to Ala.Code 1975, § 12-2-7(6).
Wilson contends that the trial court committed reversible error when it determined that Butts had any ownership interest in the subject property other than a life estate interest for the life of the mother-in-law.
The dispositive issue on appeal is whether Butts has any ownership interest in the subject property resulting from the 1967 deed.
*1066 Our supreme court stated the following in Radiola v. Radiola, 380 So.2d 817, 819 (Ala.1980): “Perhaps no rule of law is more settled than the proposition that real property cannot be conveyed by implication.” (Emphasis added.)
In Radiola, our supreme court relied on the following statement found in Reynolds v. Trawick, 201 Ala. 449, 451, 78 So. 827, 829 (1918): “Only through estoppel, adverse possession, or conveyance (will, deed, or mortgage), aside from the processes of government, can an unqualified title in fee, once vested, be divested.”
As previously noted, it is undisputed that David owned the subject property in fee simple prior to the July 1967 deed and that the only ownership interest in the subject property that belonged to Butts, prior to the July 1967 deed, was her possible dower interest, as David’s wife. We would note that the 1967 deed provided the following, in pertinent part:
“That [David and Butts] ... have granted, bargained, sold, and conveyed, and by these presents do grant, bargain, sell, and convey unto [B.W. Wilson and the mother-in-law], the following described tract of land....”
The 1967 deed clearly conveys the subject property to David’s parents. We would also note that there are no words of conveyance to Butts in the 1967 deed and that “real property cannot be conveyed by implication.” Radiola, 380 So.2d at 819.
We find that Butts’s reliance on the following language in the 1967 deed is misplaced:
“It is the intention of [David and Butts] to convey to [B.W. Wilson and the mother-in-law] a life estate in the above described property and at [the] death [of B.W. Wilson and the mother-in-law] said property will return in fee simple to [David and Butts], their heirs and assigns.”
As previously noted, a conveyance of real property cannot be by implication. The only interest which could have returned to Butts upon the death of David’s parents was perhaps her dower interest, and it would appear that she no longer has any dower interest because she is no longer David’s wife. In any event it is clear that Butts does not possess an undivided one-half interest in the subject property.
In light of the foregoing, the judgment of the trial court is due to be reversed and the cause remanded for proceedings consistent with the above opinion.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
' REVERSED AND REMANDED.
All the judges concur.