THOMPSON, Presiding Judge.
Tommy Banks and Bessie R. Hall were divorced pursuant to a May 19, 2009, judgment of the trial court after a 13-year common-law marriage. On June 18, 2009, Hall timely filed a postjudgment motion in which she sought to set aside the divorce judgment and requested a new hearing. In her postjudgment motion, Hall alleged that the trial court’s property division was inequitable, and she contended that the trial court had failed to address the disposition of a $7,000 check that she alleged was payable to both parties.
We note that the trial court’s failure to address the disposition of the $7,000 check does not affect the finality of the May 19, 2009, divorce judgment.
“A final judgment of divorce does not necessarily have to dispose of all the parties’ jointly owned property. See Fitts v. Stokes, 841 So.2d 229 (Ala.2002); Garrett v. Garrett, 521 So.2d 1337 (Ala.Civ.App.1988); and Hammock v. Hammock, 867 So.2d 355 (Ala.Civ.App.2003). Rather, when a final judgment of divorce does not reference a specific asset, liability, or piece of personal or real property, jointly owned by the parties, the property remains unaffected by the judgment, and the ownership, along with the benefits and burdens thereof, remains as it was before the entry of the divorce judgment. Radiola v. Radiola, 380 So.2d 817 (Ala.1980); Miller v. Miller, 391 So.2d 119 (Ala.Civ.App.1980); and McGuire v. Horton, 586 So.2d 9 (Ala.Civ.App.1991).”
Clements v. Clements, 990 So.2d 383, 395-96 (Ala.Civ.App.2007); see also Hocutt v. Hocutt, 491 So.2d 247, 249 (Ala.Civ.App.1986) (same).
Hall’s June 18, 2009, postjudgment motion was deemed denied by operation of law on September 16, 2009. See Rule 59.1, Ala. R. Civ. P. (providing that a post-judgment motion may not remain pending for more than 90 days). However, on October 15, 2009, the trial court entered an order in which it purported to deny Hall’s motion to set aside the divorce judgment. In its October 15, 2009, order, the trial court also purported to divide the proceeds of the $7,000 check equally between the parties and to require Banks to pay Hall a $2,000 attorney fee.
Banks timely appealed from the October 15, 2009, order purporting to grant Hall’s postjudgment motion. Banks argues that the trial court lacked jurisdiction to enter the October 15, 2009, order. We agree.
A trial court is without jurisdiction to rule on a postjudgment motion more than 90 days after the date the motion was filed, unless the record contains an express agreement of the parties to extend the time in which the trial court may rule on the pending postjudgment motion. Carter v. Hilliard, 838 So.2d 1062, 1063-64 (Ala.Civ.App.2002); see also Green v. Georgia-Pacific Corp., 906 So.2d 961, 962 (Ala.Civ.App.2005) (“A trial court loses jurisdiction to rule on a post-judgment motion 90 days after the filing of that motion.”). In this case, the record contains no indication the parties agreed, pursuant to Rule 59.1, Ala. R. Civ. P., to extend the time for ruling on Hall’s post-judgment motion. Accordingly, the trial court lacked jurisdiction to enter any order more than 90 days after June 18, 2009, the date on which Hall filed her postjudgment motion; in other words, the trial court lacked jurisdiction to rule on that motion after September 16, 2009. Id.) see also Moragne v. Moragne, 888 So.2d 1280, 1282 (Ala.Civ.App.2004) (an order entered after expiration of the 90 days allowed for ruling on a postjudgment motion is a nullity).[1]
*1053 The October 15, 2009, order is void for want of jurisdiction, and, therefore, it will not support an appeal. Roden v. Roden, 937 So.2d 83, 86 (Ala.Civ.App.2006) (holding that the trial court lacked jurisdiction to enter an order more than 90 days after the filing of a postjudgment motion). Accordingly, we dismiss this appeal and direct the trial court to vacate its October 15, 2009, order. Roden v. Roden, supra; see also Carter v. Hilliard, supra.
APPEAL DISMISSED.
PITTMAN, BRYAN, THOMAS, and MOORE, JJ., concur.

. We also note that the trial court could not. ex mero motu, modify the property division *1053 more than 30 days after the entry of the divorce judgment. "Property settlements between the parties to a divorce action are not subject to modification after the expiration of thirty days.” Hocutt v. Hocutt, 491 So.2d at 248; see also McGiboney v. McGiboney, 679 So.2d 1066, 1068 (Ala.Civ.App.1995) ("Property settlement provisions of a final judgment of divorce become final and cannot be modified after thirty days from the date of the judgment.”).